HUGH WOOD, DEFENDANT IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, PLAINTIFF IN ERROR.

Submitted July 8, 1906—Decided November 12, 1906.

The refusal of a trial judge to direct a verdict for the defendant will not be reversed on error where no grounds are stated in the motion for the direction.

On error to the Camden Circuit.

Before Justices FORT, GARRETSON and REED.

For the plaintiff in error, *Edward Ambler Armstrong.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

Fort, J.   This is an action in tort.

There are ten assignments of error.  Upon the brief, it is conceded that only the second and seventh are urged.  These two are the refusal of the court to nonsuit or to direct a verdict for the defendant.

The plaintiff was a passenger upon the trolley car of the defendant company, and requested the conductor to permit him to alight at the corner of Essex and Burlington streets, in Gloucester City.  There was proof that the car stopped at that. place and that the plaintiff was moving through the passengers on the rear platform of the car to get off, and had reached the edge or step of the car to alight when he was thrown from the car by a sudden lurch or jerk.

It is not negligence *per se* to arise and go forward as the car is stopping, to be ready to get off.  *Consolidated Traction Co.* v. *Thalheimer,* 35 *Vroom* 474.

Nor is it negligence *per se* to go to the edge of the car, to be ready to step off when the car comes to a stop.  *Davis* v. *Camden, &c., Ry. Co.,* 44 *Vroom* 415.

The refusal to nonsuit, in the face of the proof that the car had stopped and was started, and the plaintiff thrown when in the act of alighting, cannot be reversed on error. Nor could there have been a direction of a verdict for the defendant in this case on the ground that the weight of evidence was with the defendant.

If there be a substantial controversy on the proof, the fact that the defendant's proof greatly preponderates in favor of his view will not justify the direction of a verdict.  The jury are to judge as to the weight of the evidence and the credibility of the witnesses.  The case is close, but we are unable to see how on error it can be reversed.

It might be well to call attention to another fact.  No reasons were given for the motion for the direction of a verdict.

There was simply a motion that a verdict be directed for the defendant. That is not good, and the refusal of the trial judge to grant it should not be reversed on error. A trial judge will not be reversed on writ of error except for refusal to act on specific grounds stated. *Mooney* v. *Peck,* 20 *Vroom* 232.

The judgment in this case is affirmed.