FAY H. WEBB v. STATE.

1. In cases of ordinary misdemeanors a constable cannot arrest the offender without warrant, unless he is present at the time of the offence.

2. The fact that a warrant has issued directed to any constable of the county will not avail such officer unless such precept be in his possession at the time the arrest be made.

---

On error to the Morris Quarter Sessions.

Argued at November Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the plaintiff in error, *Alfred Mills.*

For the state, *Willard W. Cutler.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The plaintiff in error was a policeman, having the powers of a county constable.    It appeared that a complaint having been made before a justice of the peace that one Ann Dugan had sold liquor contrary to law, a warrant had been issued for her apprehension, and that such warrant had been delivered, not to the defendant, but to a constable of the county.    This precept was addressed in the usual form, to any constable of the county.

Under these circumstances the plaintiff attempted to arrest the alleged culprit, not at the time having, and never having had, the warrant referred to in his possession; and such arrest was forcibly prevented by the husband of the woman, and therefore the plaintiff took the man into custody upon the

charge that he had by force prevented him from executing his duty as a peace officer.

This latter arrest was regarded as illegal, and the plaintiff was thereupon indicted and convicted of an assault and battery upon the husband of Ann Dugan.

The complaint is, that the Court of Quarter Sessions refused to charge the jury that the plaintiff in error had the right to arrest Ann Dugan, but, to the contrary, told the jury that such act was unjustifiable and altogether illegal.

We think that the instruction thus questioned was entirely right.

It has always been, in the common law, the rule that a constable or other peace officer, in cases of mere misdemeanor, could not take the offender unless, in some instances, where the offence had been committed in his presence. This is the principle that has also always prevailed in this state. I remember arguing this question many years ago before this court, and the prevalence of the common law doctrine on the subject was then established, but the case does not appear to have been reported.

Nor is the present instance to be differentiated on the ground that a complaint had been made and a warrant had been issued directed to any constable of the county. Such a proceeding could in nowise empower the plaintiff, as such warrant was not in his hands to be executed, but, on the contrary, was in the possession of another officer.

In the case of *Codd* v. *Cabe*, L. R. (1 *Exch. Div.*) 352, this precise question was decided in the way above indicated. The first clause of the syllabus, showing the doctrine that was maintained, is in these words, viz. : "When a warrant has been issued to apprehend a person for an offence less than a felony, the police officer who executes it must have the warrant in his possession at the time of his arrest."

The conviction of the plaintiff in error is, so far as the law is concerned, unobjectionable.

Let the judgment be affirmed.