THE STATE, WILLIAM M. HOFFMAN, FISH WARDEN, PROSE-
CUTOR, v. FRITZ PETERS.

1. A fish warden may, as a common informer, prosecute for violation of the Game laws, although the chosen freeholders of his county may not have determined to employ him so to do.
2. A complaint for violation of the supplement to the Game act approved March 26th, 1866 (*Rev.*, *p.* 450), should aver that the defendant was not among those who observed Saturday as the Sabbath, or that he was hunting upon lands not his own.
3. If a penal statute contains an exception which is imbedded in the very clause by which the offence is described, a pleading designed to charge the offence must show that the defendant's act was not covered by the exception.

On *certiorari* to the Hunterdon Common Pleas.

Argued at November Term, 1888, before Justices DEPUE, MAGIE and DIXON.

For the prosecutor, *Charles A. Skillman.*

The opinion of the court was delivered by

DIXON, J.   On November 22d, 1887, the prosecutor complained on oath before John H. Horn, a justice of the peace in Hunterdon county, that the defendant had, on Sunday, November 13th, 1887, " unlawfully hunted with dog and gun," in the township of West Amwell, in said county, contrary to the provisions of the fifth section of the supplement to the "Game act," approved March 26th, 1866.   *Rev.*, *p.* 450.

After trial on this complaint before the justice, the defendant was convicted and judgment was given for the penalty prescribed by said section.

On appeal to the County Common Pleas this judgment was reversed, and judgment of non-suit was ordered, upon the ground, as certified by that court, " that there was no proof that the board of freeholders of Hunterdon county had ever determined that the said prosecutor should be empowered and re-

quired to enforce the Game or Gunning laws on Sunday within the county of Hunterdon, and without such authority the fish warden" (the prosecutor being and in his complaint styling himself a fish warden of the county) "had no right to prosecute the defendant for violating the Sunday law."

Thereupon the prosecutor sued out this writ of *certiorari* to reverse the non-suit.

We think the reason given by the Common Pleas for its decision is a bad one. Under the supplement of March 26th, 1866, and also under the act of March 16th, 1885, providing a uniform method of procedure for recovery of penalties imposed by the Game laws (*Rev. Sup., p.* 325), any person may complain for violation of these laws and prosecute for the prescribed penalties. The sole object of the act to empower fish wardens to enforce Game laws, as now amended (*Rev. Sup., p.* 312), seems to be to entitle them to $3 per day for their services in that direction, whenever the chosen freeholders of the county may determine to so employ them. But without such employment they still have the common right to inform and prosecute. The prosecutor's description of himself as fish warden was mere surplusage.

But there is another reason because of which we should refrain from disturbing the judgment below. The complaint is fatally defective.

The offence, with which it was intended to charge the defendant, exists by force of the statute, which enacts "that hereafter any person who shall hunt with * * * dog and gun * * * any bird or animal whatever, on the Sabbath day, commonly called Sunday, except those who observe the seventh day of the week as the Sabbath gunning upon their own lands, shall be liable to a penalty," &c.

By the enacting clause thus creating this offence, those who observe Saturday as the Sabbath are, while gunning upon their own lands, expressly excepted from its operation; and in such a case the well established rule requires that a pleading, designed to charge the offence, must affirmatively show that the defendant's act was not covered by the exception. "If

there is an exception in the enacting clause, the plaintiff must aver that his adversary is not within the exception." *McGear* v. *Woodruff*, 4 *Vroom* 213 ; *Townley* ads. *State*, 3 *Harr.* 311, 322 ; *Roberson* v. *Lambertville*, 9 *Vroom* 69.

The complaint on which the prosecutor's suit rested, did not allege that the defendant's act of hunting was not performed upon his own lands, or that the defendant was not among those who observed Saturday as the Sabbath. Consequently it was insufficient.

Moreover, as we read the statute, the penal act consists in *hunting some bird or animal;* a mere allegation that the defendant was *hunting* is scarcely full and precise enough to warrant a conviction.

The judgment of non-suit is affirmed.