SAMUEL E. SMITH, PLAINTIFF IN ERROR, v. A. JUDSON CLARK, DEFENDANT IN ERROR.

An arrest under a tax warrant is illegal unless the officer has at the time the warrant with him, so that he can exhibit it if required.

On error to the Essex County Circuit Court.

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *Joseph Coult.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  This is an action for false imprisonment.  The defendant was, at the time in question, the receiver of taxes in the city of Newark, and he justifies the alleged wrong on the ground that it was lawful for him

to arrest the plaintiff, either in person or by his deputy, under certain warrants for taxes due to the city of Newark.    These processes were executed by a deputy, who at the time of such execution did not have either of the warrants with him when the plaintiff was taken by him into custody.    All that this officer exhibited to the plaintiff were the bills for the taxes due, to which were respectively appended extracts from the warrants, the writs themselves then being in the city hall.    It will be assumed that the plaintiff did not, at the time of his arrest, call for the production of the warrants.

At the trial the judge ruled that, under such circumstances, the arrest was legal.

The only question that it is now necessary to decide is, whether an officer can lawfully make an arrest by virtue of process which he has not with him at the time?

We think the authorities are adverse to the affirmative of this proposition.    They are all to the effect that the officer making the arrest must be in a situation to show, if required, the authority under which he is acting.    It is the legal right of the citizen when arrested that such shall be the situation, and, therefore, when such situation does not exist, the arrest is a legal wrong.    I find no countenance whatever, either in the decisions or in legal theory, that such proceedings are legal until the person taken has demanded an inspection of the warrant ; the true doctrine is, that the proceeding is wrongful *ab initio.*

One of the cases cited in the well considered brief of the counsel of the plaintiff in error is that of *Codel* v. *Cabe,* reported in 1 *Exch. Div.* 352, and which is, in all respects, in point.    The proceeding was by information charging the defendant with assaulting one of the constables, &c., in the execution of his duty.    The defendant had been charged with a trespass in the day time, in search of conies, and as he had failed to appear to answer such charge, a warrant had been issued for his apprehension, addressed to the constables of the parish, &c., of whom the prosecutor was one.    The case states that there was no evidence that the defendant made

any demand to see the warrant, but the warrant at the time was not in the personal possession of the officer; and that the defendant used great violence in resisting the attempted arrest, and inflicted serious injuries upon the constable. The defendant in the trial court was convicted, and on appeal to the Exchequer Division that conviction, by the unanimous decision of the judges, was declared to be wrong in law. The rule of decision is stated by one of the judges in these words, viz.: "Whenever a warrant has been issued to arrest a person charged with an offence in respect of which he cannot be apprehended without a warrant, the police officer must have the warrant in his possession at the time when he executes it; if he has not, the arrest will be illegal."

The case was cited with approval by the Supreme Court in the decision in *Webb* v. *State*, 22 *Vroom* 189, and in which latter case the same principle was applied to a similar state of facts.

As there appears to be a concensus of judicial opinion upon the subject, it is deemed superfluous to look through the authorities in detail. The investigator will find the relevant decisions copiously collected and excellently digested in volume 7 of the *American & English Encyclopedia, tit. "False Imprisonment."*

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Garrison, Magie, Reed, Scudder, Van Syckel, Brown, Clement, Smith, Whitaker. 10.