·TREASURER OF THE CITY OF PLAINFIELD v. MICHAEL WATSON.

1. In an action for violating an ordinance which forbids an unlicensed person to sell liquor, it is not incumbent on the prosecutor to prove, affirmatively, that the defendant was not licensed.

2. If there is an exception in the enacting clause of a statute or ordinance, the plaintiff in an action on that clause must show that his adversary is not within the exception; but if the exception is in a subsequent clause of the same section, or in a subsequent section of the same statute or ordinance, or in a subsequent enactment, that is a matter of defence, and the plaintiff need not show that the defendant is not within the exception.

On *certiorari.*

Argued at November Term, 1894, before Justices DIXON, MAGIE and LIPPINCOTT.

For the prosecutor, *Craig A. Marsh.*

For the defendant, *Walter L. Hetfield.*

The opinion of the court was delivered by

DIXON, J. The prosecutor seeks the reversal of a judgment rendered in the Common Pleas of Union county, on trial of an action brought by him against the defendant for violating the eleventh section of the liquor ordinance of the city of Plainfield.

The section ordains that "if any person not licensed * * * shall sell any spirituous liquors, * * * such person shall be deemed guilty, &c.; *provided,* nothing in this ordinance shall be construed to apply to druggists filling prescriptions."

The court below charged the jury to find the defendant not guilty, on the ground that the prosecutor had failed to prove that the defendant was not licensed; and the parties have stipulated that if this court shall be of opinion that the burden was on the prosecutor to prove, affirmatively, that the

defendant was not licensed, and that he was not a druggist filling a prescription, the judgment of the Common Pleas shall be affirmed; otherwise, it shall be reversed and a new trial ordered.

The burden of proving an allegation that the defendant was not licensed did not rest upon the prosecutor, because it was a negative averment, the truth or falsity of which was peculiarly within the knowledge of the defendant, and which would be difficult of proof by the prosecutor if true, and easy of disproof by the defendant if untrue. *Greeley* v. *Passaic*, 13 *Vroom* 87; *Jackson* v. *Camden*, 19 *Id.* 89.

Nor was it incumbent on the prosecutor to prove that the defendant was not a druggist, &c. The clause of the ordinance permitting druggists to sell without license was not placed in the enacting clause by which the offence was described and forbidden, so as to bring the case within the rule applied in *Hoffman* v. *Peters*, 22 *Vroom* 244, but stands in an entirely separate proviso. To maintain an action on such an ordinance, it is enough for the prosecutor to show that the defendant is within the enacting or prohibitory clause, and the burden is on the defendant to prove himself within the exception. *Farwell* v. *Smith*, 1 *Harr.* 133; *McGear* v. *Woodruff*, 4 *Vroom* 213; *Clark Thread Co.* v. *Freeholders of Hudson*, 25 *Id.* 265. The contrary *dictum*, in *State* v. *Startup*, 10 *Id.* 423, is not in harmony with the general tenor of judicial decisions.

The judgment must be reversed.