FREDERIC S. CONNER, FISH AND GAME WARDEN, v.
JOSEPH H. FOGG, PROSECUTOR.

Argued January 21, 1907—Decided July 3, 1907.

1. In reviewing a summary conviction, if there be legal evidence
before the court below upon which the certified judgment can be
based, this court will not reverse because the evidence would lead
it to a different conclusion.

2. An owner who knowingly allows and suffers his dog to run loose,
out of his sight and control, in the field of his neighbor, where
there are rabbits, and where the dog runs and kills a rabbit, "per-
mits such dog to run at large in woods or field inhabited by
rabbits" within the meaning of section 24 of the act approved
April 14th, 1903 (*Pamph. L., p.* 526), as such section was
amended by the act approved April 5th, 1904. *Pamph. L., p.* 406.

3. If there is an exception in the enacting clause of a statute, the
plaintiff in an action on that clause must show that his adversary
is not within the exception; but if the exception is in a subse-
quent clause of the same section, or in a subsequent section of
the same statute, or in a subsequent enactment, that is a matter
of defence, and the plaintiff need not show that the defendant is
not within the exception.

4. Section 24 of the act approved April 14th, 1903, as such section
was amended by the act approved April 5th, 1904, not only pro-
vides that it shall be unlawful for any owner of any dog to permit
such dog to run at large in woods or field inhabited by rabbits or
game birds, except only between the 1st day of October and the
1st day of February following, but it also provides a penalty
therefor.

On *certiorari.*

Before Justice TRENCHARD.

For the prosecutor, *Henry S. Alvord.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

TRENCHARD, J. This *certiorari* is prosecuted to review the
summary conviction of Joseph H. Fogg, the prosecutor of the
writ, before a justice of the peace.

The complaint alleged that on the 20th day of September, 1906, Fogg violated the provisions of section 24 of an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture and provide open and close seasons for such capture and possession (Revision of 1903)," approved April 14th, 1903 (*Pamph. L., p.* 526), as such section was amended by an act approved April 5th, 1904 (*Pamph. L., p.* 406), in the following respect, to wit: "That on the day and year aforesaid said Joseph H. Fogg, being the owner of a certain dog, did permit said dog to run at large in a certain field inhabited by rabbits, located in the said township of Stoe Creek, same being part of the farm and premises occupied by one Charles H. Fox of said township of Stoe Creek, in the county aforesaid, said day and year aforesaid not being a day between the 1st day of October, 1905, and the 1st day of February following, the said Joseph H. Fogg, owner as aforesaid, not being with the said dog on the day and year first aforesaid, when said dog was permitted so as aforesaid to run at large, the said field not being inhabited by deer; that the time when said dog was permitted to run at large was not at night, against the form of the statute."

The section of the statute alleged to have been violated provides that: "It shall be unlawful for any owner, lessee or custodian of any dog to permit such dog to run at large in woods or field inhabited by rabbits or game birds, except only between the first day of October and the first day of February following; *provided, however,* that at all other times during the year such dog or dogs may be allowed to run when the owner, lessee or custodian is with such dog or dogs, but at no time shall any dog be allowed to run rabbits at night, under penalty of twenty dollars for each offense; *and it is further provided,* that this act shall in nowise apply to fields or woods inhabited by deer."

The grounds relied upon to reverse the conviction, so far as I deem them of sufficient importance to be considered, are:

*First.* That the evidence, as disclosed by the record, fails

to show that Fogg permitted his dog to run at large contrary to law.

To permit is defined as meaning to authorize or to give leave (*McHenry* v. *Winston,* 49 *S. W. Rep.* 4), but the term "permit" has been often used synonymously with "suffer," so that it may be said that one who suffers the doing of a thing which he might have prevented permits it. 22 *Am. & Eng. Encycl. L.* (*2d ed.*) 699, and cases there cited.

It is in this latter sense that the term is used in the statute under consideration.

"Running at large," in statutes imposing a penalty on one who suffers animals to run at large in public places, is used in the sense of strolling without restraint or confinement; wandering, roving, or rambling at will, unrestrained. 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 536, and cases there cited.

The transcript sent up by the justice makes it appear that there was evidence tending to show that Fogg knowingly allowed and suffered his dog to run loose, out of his sight and control, in the field of his neighbor.

In reviewing a summary conviction, if there be legal evidence before the court below upon which the certified judgment can be based, this court will not reverse, because the evidence would lead it to a different conclusion. *South Brunswick* v. *Cranbury,* 23 *Vroom* 298.

*Secondly.* It is insisted that the conviction cannot stand because "the evidence fails to show that the field where the alleged violation of law took place was, at the time of the alleged violation, inhabited by rabbits."

This contention cannot prevail. There was testimony before the justice that the dog of the prosecutor was running and killed a rabbit in the field in question. There was also the testimony of the owner of the field that "there are rabbits in that field." From this evidence the inference was legitimate that the field was inhabited by rabbits.

*Thirdly.* It is contended that "no proof was made at the trial, showing or tending to show that the field where the alleged violation of law took place was not inhabited by deer," and that that fact was fatal to the conviction.

But this contention is unsound.

There was evidence from which it seems the inference might possibly have been drawn that the field was not inhabited by deer. The owner of the field testified that he had never seen a deer in the field. But, however that may be, it was not incumbent on the plaintiff below to prove that the field was not inhabited by deer. The clause providing that the act shall in nowise apply to fields or woods inhabited by deer was not placed in the enacting clause by which the offence was described and forbidden, so as to bring the case within the rule applied in *Hoffman* v. *Peters*, 22 *Vroom* 244, but stands in an entirely separate proviso. To maintain an action on such a statute, it is enough for the plaintiff below to show that the defendant is within the enacting or prohibitory clause, and the burden is on the defendant to prove himself within the exception. *Farwell* v. *Smith*, 1 *Harr.* 133; *McGear* v. *Woodruff*, 4 *Vroom* 213; *Clark Thread Co.* v. *Freeholders of Hudson*, 25 *Id.* 265.

The contrary *dictum*, in *State* v. *Startup*, 10 *Vroom* 423, is not in harmony with the general tenor of judicial decisions. *Plainfield* v. *Watson*, 28 *Id.* 525.

*Fourthly.* It is contended that, although the section of the act sets forth that it shall be unlawful for any owner of any dog to permit it to run at large in fields inhabited by rabbits, no penalty is provided for a violation of this portion of the statute.

But this contention cannot prevail.

The section in question, before it was amended, read as follows:

"24. It shall be unlawful for any owner, lessee or custodian of any dog to permit such dog to run at large in woods or fields inhabited by rabbits or game birds, except when said dog is in the custody or charge of its owner, lessee or custodian, during the close season herein provided for hare (commonly known as rabbit), under a penalty of twenty dollars for each offence."

By an inspection of the section as it now stands it will be seen that there has been inserted therein the provision that

"at no time shall any dog be allowed to run rabbits at night." This is inserted immediately before the naming of the penalty, the evident intent being not to take away the operation of the penalty from the main provision of the section, but to make the penalty also applicable to the provision forbidding the running of rabbits at night.

Courts will, in the construction of statutes, for the purpose of arriving at the intention of the lawmaker, disregard punctuation or repunctuate, if need be, to reach the real meaning of the statute. *Howard Saving Institution* v. *Newark,* 34 *Vroom* 65.

With the punctuation deprived of any particular significance the words of the statute plainly provide a penalty for the offence charged in the complaint.

The judgment below should be affirmed, with costs.