ARVINE H. PHILLIPS, PROSECUTOR (MAX AND SARAH BAMBERGER SEASHORE HOME, APPELLANT), v. BOROUGH OF LONGPORT, RESPONDENT.

Argued November 24, 1916—Decided March 5, 1917.

1. The act of 1881 (*Pamph L., p.* 194; *Comp. Stat., p.* 5171), providing for reassessment under direction of the Supreme Court when the original assessment is set aside on *certiorari* for defects in the proceedings, is applicable in all cases where a valid assessment could have been made at the time it was attempted, or could be made at the time of pronouncing judgment on a *certiorari* of the defective assessment.

2. On an appeal corresponding to writ of error at common law, every intendment is in favor of the correctness of the judgment below, and doubt will not lead to a reversal.

3. On appeal corresponding to a writ of error, the appellate court cannot properly deal with any other state of the case except that considered by the court below.

On appeal from the Supreme Court.

For the appellant, *Clarence L. Cole.*

For the respondent, *Harry Wootton.*

The opinion of the court was delivered by

PARKER, J. The appeal involves an assessment on the real estate of appellant Seashore Home for benefits resulting from the construction of jetties built to protect the ocean front. The original assessment was set aside at the suit of the prosecutor, Phillips, who is not a party to the present appeal. A reassessment was then made and on *certiorari* was likewise set aside. Thereupon the Supreme Court, acting no doubt by virtue of the act of 1881 (*Pamph. L., p.* 194; *Comp. Stat., p.* 5171, § 191), appointed its own commissioners to make a third assessment; and on the coming in of their report, the present appellant objected to its confirmation, on the grounds, as now alleged—*first,* that the court was without power to appoint its commissioners to reassess in such a case; and *secondly* (as claimed), that the new assessment, professedly reached by adopting percentages of valuation of the respective properties by a uniform rule, had charged such percentage as to appellants, not only on the value of their land, but also on that of their new building erected after the improvement was made. The court overruled all objections and confirmed the report, and its action in so doing is challenged by this appeal. A review of such action by appeal corresponding to a writ of error is obviously proper (*Eames* v. *Stiles,* 31 *N. J. L.* 490), and has the sanction of precedent. *Moran* v. *Jersey City,* 58 *Id.* 653.

The denial by appellant of the power of the Supreme Court to appoint its own commissioners to reassess is grounded, if we understand the argument of counsel, on the provision of the Borough act requiring that the commissioners of assessment in a borough shall be freeholders and residents in that borough, but at the same time providing that

they shall not be interested in the matter of the assessment. *Comp. Stat., p.* 259, § 52; *Pamph. L.* 1897, *p.* 310; *Pamph. L.* 1900, *p.* 402. Based on the assumption that the original assessment included all the land in the borough as to some extent benefited by protection from the sea, the argument now is, that as every freeholder and resident was (as claimed) interested in the assessment, no commissioners could be appointed who would be qualified under the statute, so that no lawful assessment could be made by the borough, and the act of 1881 had no basis upon which to operate.

Without conceding the inapplicability of the act of 1881 in such a supposed case, it is enough to say that that case is not now shown to exist. The original assessment is not laid before us; and it does not otherwise appear that all the land in the borough was included therein. Hence there is no reason to conclude that disinterested commissioners could not have been obtained. If they were available, but in fact one or more of the commissioners who acted were interested, it is well settled that the act of 1881 would apply. The rule is that the Supreme Court may act, not only in cases where a valid assessment could have been made at the time it was attempted, but also in cases where such valid assessment could be made at the time when the Supreme Court pronounces its judgment in reviewing the defective assessment. *Brewer* v. *Elizabeth,* 66 *N. J. L.* 547; *Elizabeth* v. *Meeker,* 45 *Id.* 157; *Brown* v. *Union,* 65 *Id.* 601. And when there is a permanent board of assessment commissioners, it is not necessary that they should certify in their report as to their qualifications, but the burden is on prosecutor to show disqualification. *Batchelor* v. *Avon-by-the-Sea,* 78 *Id.* 503. There is nothing in the case before us to show that any of the original commissioners, or of their successors, was disqualified; and hence the argument lacks a minor premise.

The other point made is that the commissioners appointed by the court, in laying the new assessment on a graduated percentage basis, decreasing from the sea landward (the general propriety of which is not here challenged), added to the

valuation of appellant's property the value of a new build-
ing erected by appellants after the municipal improvement
was made; and that the percentage could lawfully apply
only to the value of the property as it existed at the time
of the completion of the municipal improvement. Without
conceding the impropriety of such a course, where the com-
missioners certify, as they have done, that the assessments
do not exceed the actual benefits (and there is no proof
to the contrary), the answer is that it does not appear that
a percentage was assessed on the value of the new building—
counsel so asserted on the argument; and members of the
court expressing some doubt of this appearing in the case,
counsel announced his intention of making written applica-
tion for dismissal of the appeal without prejudice, in order
to have the fact settled. No such application was made,
but, instead, a stipulation has been submitted in this court,
which it would be irregular for us to consider, as we must
take the case as it was presented to the court below. In this
we find only the clause in the *per curiam* of the court below,
that "real estate must be assessed with respect to the value
imparted to it by permanent improvements," and paragraph
6 of a stipulation of counsel certified as correct by the court
below, that the commissioners "in making a reassessment
against the property of appellant took into consideration
the improvements upon the land made by appellant after
the completion of the jetties." With respect to the former
we remark that the Supreme Court states no time as of which
the value imparted by permanent improvements is to be
taken as the basis of assessment, and we cannot suppose that
an illegal time was selected; and as to the latter it may
similarly be said that the commissioners may as well have
"taken into consideration" the later improvements to the
land with a view of excluding them from assessment as
with a view of assessing them.

In short, to work a reversal, some injurious error must be
shown, as every intendment is in favor of the record. *Low-
eree* v. *Newark,* 38 *N. J. L.* 151; *Demster* v. *Frech,* 51 *Id.*
501; *Dallas* v. *Newell,* 65 *Id.* 172. To raise a doubt is not

enough. *Smith* v. *Newark*, 33 *N. J. Eq.* 545, 552. It was a simple matter to show error if it existed; but it has not been shown in any way that we can recognize on this appeal.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, HEPPENHEIMER, WILLIAMS, JJ. 8.

*For reversal*—WHITE, GARDNER, JJ. 2.