JOHN G. BORUCH, PLAINTIFF-RESPONDENT, v. SAINTS PETER AND PAUL'S ORTHODOX RUSSIAN CHURCH, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 17, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the plaintiff-respondent, *Feder & Rinzler*.

For the defendant-appellant, *Thomas J. Kennedy*.

The opinion of the court was delivered by

CASE, J. Plaintiff sued on an alleged contract of employment subsequently breached by the defendant. The matter was heard, and judgment for the plaintiff awarded, by the judge of the Passaic District Court sitting without a jury.

Plaintiff was, and had been since 1902, employed by the defendant church to perform services as psalm reader, choir master, officiator at baptisms and parochial teacher. These services were performed on Sunday or during the remainder of the week, as occasion and the nature of the work required. The service of parochial teacher seems to have been rendered chiefly on secular days. Plaintiff was dismissed in March, 1932, following two contracts of employment made, respectively, on October 6th, 1929, and January 17th, 1932. The two last mentioned days were Sundays.

The first and fifth specifications of error are based on the proposition that the contract of employment was void because made on Sunday. All contracts made on Sunday are not void. We have a line of cases, headed by *Reeves* v. *Butcher*, 31 *N. J. L.* 224, holding that "bating the cases taken out of the general rule by the act itself (viz., the Vice and Immorality act), there can be no such thing as a suable contract made in this state on a Sunday." But the Vice and Immorality act (4 *Comp. Stat., p.* 5712) is an inhibition against worldly employment or business, ordinary or servile labor or work, and various sports and pastimes, and specifically (section 1) excepts works of necessity and charity from its application. In *Ghidela* v. *Union of Mutual Help Among the Population of Italian Language*, 91 *Id.* 324, the Court of Errors and Appeals adopted the opinion of the Supreme Court, wherein it was said:

"We think, also, that the fact that the hearing of the charge was held on Sunday is not a sufficient reason for setting aside the resolution expelling prosecutor. He was admitted to the association on a Sunday, all its meetings have been held on Sundays, and the association is engaged in a charitable work such as is expressly excepted from the operation of our Vice and Immorality act. *Comp. Stat., p.* 5712."

The defendant church regularly held its corporate meetings for the transaction of its business on Sundays. The first definition of charity, as given in Webster's New International Dictionary, is "Christian love." It is apparent that the business with which we are concerned was religious rather than worldly in character and was an incident in the works of charity in the doing of which defendant was commendably engaged. Clearly all of the plaintiff's duties except the parochial teaching were distinctly religious. The presumption is that the defendant also undertook the teaching of the children, and the employment of the plaintiff in that respect, as a part of its religious and charitable obligations. There is nothing in the case to rebut that presumption. That the teaching of the young under such conditions may be classed as a work of charity we have no doubt. We consider that the contract

of employment between the defendant and the plaintiff was not within the inhibition of the statute.

The remaining questions raised on appellant's brief present factual issues upon which there was evidence to sustain the award.

Judgment below will be affirmed, with costs.