GEORGE J. HILER, PLAINTIFF-RESPONDENT, v. REDFORD FORCE, DEFENDANT-APPELLANT.

Submitted May 12, 1933—Decided September 16, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant-appellant, *Mary A. Seidman* (*Rosario S. Mazzola,* of counsel).

For the plaintiff-respondent, *George M. Passmonick.*

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment rendered in favor of the plaintiff-appellee, hereinafter called plaintiff, and against the defendant-appellant, hereinafter called defendant, in an action for work and labor done on thirteen days, all of which were Sundays, at $6 a day. The defendant interposed the defense that the claim or contract for the employment was in violation of the Vice and Immorality act (4 *Comp. Stat., p.* 5712), which act, *inter alia,* provides that no worldly employment or business, ordinary or servile labor, or work, either upon land or water (works of necessity or charity excepted) * * * shall be done, performed, used or practiced, by any person or persons, within the state on the Christian Sabbath, or the first day of the week, commonly called Sunday.

No brief was filed by or for the plaintiff. Our examination of the meagre record submitted discloses, *in limine,* that the grounds of appeal specified do not point out the judicial action complained of and sought to be reviewed. *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402. Passing this objection we come to the alleged meritorious question presented. The record submitted is barren on the subject as to the character, nature, type or class of the alleged work and labor done by the plaintiff in the premises. We therefore are without knowledge whether the work and labor done was of a worldly character or not. While it is, of course, true that on appeal every intendment is in favor of the record submitted (*Phillips* v. *Longport,* 90 *N. J. L.* 212; 100 *Atl. Rep.* 192), merely raising a doubt is not enough (*Demster* v. *Frech,* 51 *N. J. L.* 501; *Smith* v. *Newark,* 33 *N. J. Eq.* 545, 552), nevertheless it was incumbent upon the defendant, in urging the statute as a defense, which statute contained exceptions in the body of the enacting clause, to show its applicability.

In the case of *Wheatman* v. *Andrews,* 85 *N. J. L.* 107; 89 *Atl. Rep.* 285, a statute was relied on in a plea as an exception and this court held that if there be an exemption in the body of the enacting clause, the party relying on the general clause must in such case negative the exemption in his pleading.

In *Wright* v. *State (Del. Super.),* 69 *Atl. Rep.* 1003, it was held that a conviction for performing worldly business on Sunday cannot be sustained, where neither the complaint nor the record negatives exemptions contained in the statute, nor shows that the business was not a work of necessity or charity.

In *State* v. *Peters,* 51 *N. J. L.* 244; 17 *Atl. Rep.* 113, this court held that a complaint for violation of the supplement of the Game act prohibiting hunting on Sunday, except by those who observe Saturday as the Sabbath, or are gaming on their own lands, should aver that defendant was not included in those exceptions. If a penal statute contains an exemption which is imbedded in the very clause by which the

offense is described, a pleading designed to charge the offense must show that the act was not covered by the statute. *Plainfield* v. *Watson*, 57 *N. J. L.* 525; 31 *Atl. Rep.* 1040; *Mayer* v. *State*, 63 *N. J. L.* 35; 42 *Atl. Rep.* 772; *Conner* v. *Fogg*, 75 *N. J. L.* 245; 67 *Atl. Rep.* 338; *State* v. *Lakewood Market Co.*, 84 *N. J. L.* 512; 88 *Atl. Rep.* 195; *Dunham* v. *Bright*, 85 *N. J. L.* 391; 90 *Atl. Rep.* 255.

A Sunday contract that comes within the exceptions of the act is valid and enforceable. *Boruch* v. *SS. Peter and Paul's Orthodox Russian Church*, 111 *N. J. L.* 116; 166 *Atl. Rep.* 723.

Failure to negative the exemptions contained in the enacting clause of the act relied upon by the defendant was fatal.

Judgment is affirmed, but since no brief was filed by the plaintiff, it shall be without costs.