ELWOOD MANAHAN, RELATOR, v. SAMUEL WATTS, RESPONDENT.

Argued November 14, 1899—Decided March 5, 1900.

1. Under the act of May 9th, 1884, giving to anyone who believes himself to be entitled to an office held by another, the right to file an information in the nature of *quo warranto*, and providing the procedure in such cases, the very rights of both parties, relator and respondent, are drawn into question.

2. The respondent in such proceeding, under the statute of 1884, can by an appropriate pleading challenge the right of the relator to the possession and enjoyment of the office, and if it appear that the relator has no such right at the time of the filing of the information, judgment will pass for the respondent irrespective of his title. If the title of the relator is bad the information fails without an inquiry into the title of the respondent, the proceeding being in the nature of a private controversy in relation to the incumbency of the office, and not for the benefit of the public.

3. Whenever certain acts shall be done by a person elected or appointed to an office, such as giving a bond or taking an oath of office, before he shall enter upon the possession of the office under his election or appointment, such acts become a condition precedent to the complete investiture of his office, and such acts must be performed by him in the manner required by law before he can file an information in the nature of a *quo warranto* to obtain the possession and enjoyment of the office.

4. Under section 2 of the act entitled "A further supplement to an act entitled 'An act to incorporate the board of chosen freeholders of the respective counties of this state,' approved April sixteenth, one thousand eight hundred and forty-six," which further supplement was approved May 25th, 1894 (*Pamph. L., p.* 529), which require a certain oath of office to be taken by the chosen freeholder before he enters upon the duties of his office, it becomes necessary that such oath shall be taken, subscribed and filed as directed in such act before he is entitled to enter upon and discharge the duties of such office, and before he can take his seat in such board. He cannot file an information in the nature of *quo warranto* to obtain the possession and enjoyment of such office before he takes, subscribes and files such oath of office.

---

On *quo warranto*.    On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the relator, *Alan H. Strong.*

For the respondent, *Abraham V. Schenck.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This is a contest over the office of membership of the board of chosen freeholders of the county of Middlesex, from the borough of South River in that county.

The information sets out the creation of the borough of South River by act of the legislature, approved February 28th, 1898 (*Pamph. L., p.* 35), and that it contained at the time of its organization a population of not less than three thousand inhabitants, and therefore, by the general act of the legislature relating to boroughs, approved April 24th, 1897 (*Pamph. L., p.* 285, § 2), it was entitled to have one member of the board of chosen freeholders to be elected by the people; that on the 22d day of March, 1899, the respondent at the first municipal election held in the borough, in due form of law, was elected a member of the board of chosen freeholders; that at the annual municipal election held under the statute relating to municipal borough elections, on the first Tuesday of March, 1899, the relator became a candidate for election as a member of the board of chosen freeholders, and was elected to that office by a majority of the votes cast at that election, and that by such election he became entitled to such office, but that the respondent still holds and usurps such office, and exercises its duties and privileges, to the exclusion of the relator, and calls upon the respondent to answer by what warrant he claims to hold such office.

The defendant answers by setting out the incorporation of the borough, the statute which entitles it to a member of the board of chosen freeholders, the general statutes relating to the election of borough officers, including the member of such board, the act of the legislature of the state, entitled "An act relating to newly-created municipalities," approved February 24th, 1898 (*Pamph. L., p.* 28), and that under the provisions of this act the first election in said borough was held on March 22d, 1898, at which the respondent was duly elected a chosen freeholder; that said election was held in due conformity with the act and the general statutes regulating elections, and that he became entitled by such election to the office; that he took, subscribed and filed his oath of office according to the provisions of an act entitled "A further supplement to an act entitled 'An act to incorporate the board of chosen freeholders of the said state,' approved April sixteenth,

eighteen hundred and forty-six," which further supplement was approved May 25th, 1894; that on the 9th day of May, 1898, that being the day for the annual organization of the board of chosen freeholders under the law, he took his seat in such board and entered upon the discharge of his duties, and has so continued to the date of the filing of this information.

The plea further avers that the clerk of the borough failed, as required by the statute in such case, to give notice of an election of a member of the board of chosen freeholders at the annual municipal election held on the first Tuesday of March, 1899; that the relator was elected to such office by reason of the failure of such notice, and that such election was not legal because of the want of such notice.

The information further avers in distinct paragraphs thereof that the relator, whilst claiming to be so elected to such office, has, up to the time of the filing of the information and at all times hitherto, wholly neglected and absolutely refused to take, subscribe or file the official oath required by law; and further that he has publicly declared and given out that he did not intend to take and file the official oath of a chosen freeholder, and that he did not intend to serve as such; that he has not since his election claimed to be a member of such board, or made any demand either upon said board, or the respondent, for the office, and that, therefore, he is debarred therefrom and from exercising its duties and privileges.

The respondent claims to be entitled to hold such office and discharge its duties during the term provided by law, and prays that he may be discharged of the premises.

To this plea the relator has filed a general demurrer with a specification of causes upon which such demurrer rests. This demurrer admits the facts set up in the plea, and the case is so considered.

The information in this case is filed without leave of the court, under a supplement to the *Quo Warranto* act, approved May 9th, 1884 (*Gen. Stat.*, p. 2633), which authorizes any citizen of this state who believes himself lawfully entitled to

any municipal office or franchise, which he alleges to be usurped by any person or persons, to file an information in the nature of a *quo warranto.*

By the act entitled "An act in relation to the writ of *quo warranto,*" approved February 18th, 1895 (*Gen. Stat., p.* 2635), it is provided, "That in all actions of *quo warranto,* the Supreme Court may, if the writ, return and pleadings are properly framed for the purpose, determine by its judgment not only the title of the respondent to the office or franchise in question, but also the title of the relator or relators to the same office or franchise, and shall have power, by appropriate process or orders, to enforce its said judgment."

At the common law and under our former statutes (*Gen. Stat., p.* 2632), after leave to file the information, it was only the title of the respondent that was inquired into, and if that was found bad, judgment of ouster passed against him without necessarily determining the title of the relator. It commanded the respondent to show by what right—*quo warranto* —he exercised the office, not having a grant of it or having forfeited it. The judgment of ouster which followed only affected the *status* of the incumbent. The prosecutor was not bound to prove his title in order to put the respondent on his defence, and if the respondent failed in his proof of title or right, judgment of ouster followed without regard to the question of whether the relator was entitled or not; his title, if he claimed one, was not material to the judgment. His right to prosecute was adjudged in the leave given him to call upon the respondent to plead his title, and his right was not thereafter to be called in question, for he was not directly affected by the result of the proceeding, save in the matter of costs. And this principle still operates wherever the information is instituted in the name of the state through the attorney-general, or when the leave is granted by the court, to prosecute in the interest solely of the public. 19 *Am. & Eng. Encycl. L.* 660, and cases cited; *City of Hoboken* v. *Gear,* 3 *Dutcher* 265; *Lore* v. *Jersey City,* 11 *Vroom* 456; *High Extr. Rem.,* § 712; *Com. Dig. Quo War.,* tit. "*Plea*;" *State* v.

*Utter,* 2 *Gr.* 84; *Davis et al.* v. *Davis,* 28 *Vroom* 82. But, under the statute to which reference has been made, anyone who claims title to an office held and occupied by another can file his information against the incumbent. The procedure is well defined by the statute (*Gen. Stat., p.* 2633, *et seq.*), and under the pleadings the rights of the respective parties to the controversy are drawn into question. The defendant has the right to challenge and deny the title of the relator and claimant instituting the information against him to oust him from his office. The relator must show a title in himself before he can properly inquire by what authority the respondent exercises the same, and a failure to show such title is fatal to the application. The issue under the statute now is, which of the parties has the title to the office, and in this proceeding it is merely the private rights of the parties which are affected, and not a case affecting public interest, where the people are the real as well as the nominal prosecutor. Whether the respondent can show a true title or not in the first instance is not material to the procedure, for if the applicant can show none he has no interest in the ouster of the incumbent, and it is entirely proper for the incumbent or respondent to directly challenge the right of the relator, as he has done by the plea in this case. The method by which this challenge can be made depends very much upon the form of the pleadings, and very much upon the form of the information, whether it be only general or special as to its character, but in one mode or another the right of the relator can be attacked.

In the case of *Davis et al.* v. *Davis, supra,* which was an information filed under the statute of May 9th, 1884, and in which the statute of 1895 was construed and made applicable, Mr. Justice Reed in his opinion said : " It is perceived that the statute strips the court of its discretionary power over the allowance of the information in one instance only, namely, where the relator himself claims the office. In all other cases, although the relator's interest, by reason of his citizenship, or his liability for taxes or other causes, may entitle him to stand as relator, the discretionary power of the court over the

institution of the proceeding to be exercised in view of the public interests is reserved.

"It could not have been the legislative intent to permit a person who files an information as a claimant of office to recover judgment of ouster, although it may be that such claimant has no title whatever, and the public interest will be injuriously affected by such ouster.

"In this class of informations I think the respondent may challenge the right of the relator to file his information. Whether the method of interposing this objection be by motion to quash the writ, or by a plea in abatement of the writ, need not now be decided." See, also, *High Extr. Rem.*, §§ 630, 652, 700 ; *State* v. *Boal*, 46 *Mo.* 528; *Shortt Inf.* 179, 180.

Previous to the passage of the act of 1884, when it was necessary to obtain leave of the court to file the information, in cases when the dispute arose exclusively between two persons over the title to an office of this character, and when the granting of such leave rested in the discretion of the court, these principles were generally applicable, and the leave would be refused unless the applicant showed a *prima facie* case of right or title to the office, and on the rule to show cause why an information in the nature of *quo warranto* should not be allowed, the respondent had the right to challenge the title of the relator, and if the challenge was successful leave was denied, unless the application was to preserve the public from injury. The case of *Bolton* v. *Good*, 12 *Vroom* 296, is a familiar illustration of the application of this principle. In that case Bolton, the relator, claimed to have been elected city judge of Plainfield, to fill a vacancy in that office caused by the expiration of the term of Good in the same office. There was a dispute as to whether his term had expired. The relator was elected at an election for which no notice had been given by the city clerk, for an election to fill such office under the statute; there were no candidates nominated for such office, and the officers of election knew of no votes cast for such office until they were canvassed. The respondent on the rule challenged the right of the relator, and it was held

that the votes cast in such a manner could confer no title to the office, and that the relator was not entitled to leave to file his information to obtain possession of it, or to displace the incumbent, whether his official term had expired or not, and leave was refused.

The relator has contended that his title to the office was not the subject of attack, but that the respondent must plead and show his title, and, if that be found to be bad, then judgment of ouster should be entered. But manifestly under the statute, and according to the authorities, this proposition is untenable.

The relator in this information has attempted to specify his title to the office, as well as to specifically assail the title of the respondent. Upon a demurrer to this information there are several serious questions as to the interpretation of the statutes relating to the election of members of the board of chosen freeholders from the borough, the time of their election and the term of office, but it has not been considered that resort on this demurrer to the plea need be had to the information, and therefore these questions are not discussed or determined.

The determination will be confined to the plea itself, to which the demurrer is filed, and the facts so far as the averment is concerned which alleges that the relator has refused to take, subscribe and file the oath of office as a member of the board of chosen freeholders, and the respondent contends that this failure or refusal leaves the relator without any right to the possession and enjoyment of the office.

Section 8 of the General Borough act provides that all officers of such borough shall within ten days after their election or appointment, and before entering upon the discharge of the duties of their office, take and subscribe an official oath or affirmation and file such oath or affirmation with the clerk of said borough, and upon failing to do so the said office shall be deemed to be vacant.

This section of the Borough act, it is considered, can have no effect in this case whatever as it applies only to the ordinary borough officers.

By section 2 of an act entitled "A further supplement to an act entitled 'An act to incorporate the chosen freeholders of the respective counties of this state,' approved April sixteenth, one thousand eight hundred and forty-six," which further supplement was approved May 25th, 1894 (*Pamph. L., p.* 529), it was enacted " that each of the members of the board of chosen freeholders of the several counties of this state shall, before they enter upon the duties of their offices, subscribe an official oath to faithfully, impartially and justly perform all the duties of their office to the best of their understanding and ability, which oath shall be taken before the presiding judge of the Court of Common Pleas in said county, or any justice of the peace in said county to be filed in the office of the county clerk."

It will be perceived that under this statute the act of taking, subscribing and filing this oath, taken in the manner prescribed, becomes necessary before he can enter upon the possession of the office under his election or appointment. The act becomes a condition precedent to the complete investiture of the office, and in contemplation of law just as much a requisite to its enjoyment as the election itself. It becomes an essential part of the title to the office. The member of the board of chosen freeholders is a creature of the statute, and he must comply with its requirements in order to be vested with the right to the enjoyment of the office.

The plea therefore shows that the relator did not have complete title to the office to which he was elected. This direct attack upon his title being made by the plea, and it being successful by reason of the admission of the facts in the plea upon demurrer, it follows that his information must fail.

Whenever certain acts shall be done by an appointee (oath of office and giving bond) before he shall enter on the possession of the office under his appointment, such an act becomes a condition precedent to the complete investiture of his office. *United States* v. *Le Baron*, 19 *How.* 73.

Where an officer is acting without having been sworn into

office, he is guilty of an usurpation, even though he may have been elected. *High Extr. Legal Rem.* 627 ; *Mayor of Penryn, Stra.* 582. Whilst, if he be in possession of an office as a public officer, all his acts as to the public and as to third parties, are to be deemed and held valid, yet if he be seeking the possession and enjoyment thereof he will be debarred, if the oath of office be made a necessary prerequisite, and his right or title to the office may be rightly challenged for the want of such oath. Both the election and the oath are necessary to the title and enjoyment. The rule is founded in reason, and universally sustained by authority. It has been so universally held without dissent that a discussion of the case appears to be entirely unnecessary. *Johnston* v. *Wilson,* 2 *N. H.* 202 ; *Jump* v. *Spence,* 28 *Md. 1* ; *Clark* v. *Ennis,* 16 *Vroom* 69, 72 ; *State* v. *Davis,* 1 *Gr.* 10 ; *State* v. *Ayres,* 3 *Id.* 479 ; *Martin* v. *Barbour,* 140 *U. S.* 634 ; *Rex* v. *Hearle,* 1 *Str.* 625, 627 ; *Rex* v. *Reeks,* 2 *Id.* 1445 ; *Rex* v. *Latham,* 3 *Burr.* 1485, 1487 ; *People* v. *Richardson,* 4 *Cow.* 97 ; *Rex* v. *Bosworth,* 2 *Str.* 1112 ; *Rex* v. *March,* 2 *Burr.* 999 ; *Rex* v. *Love,* 12 *Mod.* 601 ; *Rex* v. *Slatford,* 5 *Id.* 316 ; *Rex* v. *Mayor,* 2 *Salk.* 429. Without the oath of office the officer can never acquire rights in that character. *Hoagland* v. *Culvert, Spenc.* 387 ; *King* v. *Lisle, Andr.* 163 ; *People* v. *Collins,* 7 *Johns.* 549 ; *Green* v. *Kleinhans,* 2 *Gr.* 476.

The relator has neglected and refused to take his oath of office as required by the statute, as admitted by his demurrer to the plea, and, therefore, at the time of the filing of the information he had no title to the office in question, and no authority or right to enter upon the discharge of the duties thereof; and, therefore, in this case it has not become necessary to determine the title of the respondent incumbent. *Bolton* v. *Good,* 12 *Vroom* 82.

The demurrer is overruled and the judgment on the information must be for the respondent, with costs.