IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1914.

---

HARRY S. DUNHAM ET AL. v. WILLIAM H. BRIGHT ET AL.

Argued November 7, 1913—Decided April 3, 1914.

1. Where in the enacting clause of a statute, creating a class of school districts, certain specified districts are excepted from its operation, a party whose right of action rests upon the exercise of a power of appointment to office conferred only upon those school districts which are within the class, must, in his pleading, show that the district in which the power was exercised is not among those embraced in the exception.

2. Where in a *quo warranto* proceeding by a private relator, it appears that neither he nor the defendant has a legal title to the office which is the subject of the controversy (the defendant having been appointed thereto under the authority of a statute which has been subsequently judicially declared to be unconstitutional), a judgment of ouster will not be ordered against the defendant unless it appears that the public interests will be better served by having the office vacant than by having the duties thereof performed by the incumbent.

---

On *quo warranto*. Demurrer to information.

391

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relators, *Harrison H. Voorhees.*

For the defendants, *Lewis Starr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relators seek, by this proceeding, to oust the defendants, the present acting members of the board of education of the city of Wildwood, and to obtain an adjudication by this court that they and not the defendants are the *de jure* members of that board.

The information avers that the defendants were respectively appointed to the offices they now hold under and by virtue of an amendment to the General School law which was approved April 22d, 1911; and that this amendment has already been declared unconstitutional by this court. Upon these facts they contend that the holding by the defendants of the offices to which they were thus appointed is without warrant of law.

The relators further aver that on the 14th day of January, 1913, they were each of them duly appointed as members of the board of education of Wildwood by the mayor of that city pursuant to authority conferred upon him for that purpose by a supplement to the General School law approved April 2d, 1912; that their respective appointments were duly approved by the commissioners of the city; and that they thereafter duly qualified and organized as the board of education thereof.

On the facts thus set out the relators claim that they are entitled to a judgment of ouster against the defendants.

The defendants demur to the information—*first,* because it does not appear from anything contained therein that the city of Wildwood is embraced within the class of municipalities to which the supplement of 1912 applies; and *second,* because, as they say, this supplement violates constitutional provisions and is null and void, and that consequently the appointment of the relators is without legal validity.

The supplement of 1912 (*Pamph. L., p.* 655) is made applicable, by the first section thereof, to every city school district except where the provisions of article 7 of the General School law has been or shall be accepted as permitted by section 244 of that act, and to every township, incorporated town or borough school district in which the provisions of article 6 of the General School law have been or shall be accepted as permitted by section 243 of that act. The supplement provides for the abolition of all boards of education existing in any school district included in the class to which the legislation is applicable, and the creation of new boards in their place.

Articles 6 and 7 of the General School law, together, provide educational systems embracing every school district in the state; the system provided by article 6 primarily being applicable to city school districts, while that provided by article 7 applies primarily to township, incorporated town and borough school districts. Section 244 of the act, however, permits any school district to adopt the educational system provided by article 7, and section 243 permits any township, incorporated town or borough school district to adopt that provided by article 6. The supplement of 1912 applies to all school districts, whether city, township, incorporated town or borough, in which the educational system provided by article 6 of the general act prevails, but not to those which are being operated under the system provided by article 7.

Whether or not, therefore, the school district of the city of Wildwood is within the class to which the supplement applies depends upon whether or not it has taken advantage of the legislative permission granted by section 244 of the general act, and adopted the educational system provided by article 7. If it has, then the action of the mayor in appointing the relators to membership on the board of education, pursuant to authority claimed to have been conferred upon him by the supplement of 1912, is nugatory. This being so, it is plain, we think, that the relators, in order to show a title to the offices from which they seek to oust the defendants, were

bound to aver the non-acceptance by the voters of the city of Wildwood of the provisions of article 7 of the General School law (if such be the fact). By the enacting clause of the supplement creating the class, certain school districts are excepted from its operation; and when this is the case a party, whose right of action rests upon the exercise of a power of appointment to office conferred only upon those districts which are within the class, must in his pleading affirmatively show that the district in which the power was exercised is not among those embraced in the exception. *Hoffman* v. *Peters,* 22 *Vroom* 244; *Plainfield* v. *Watson,* 28 *Id.* 525.

As the information fails to disclose any right in the relators to the possession and enjoyment of the offices from which they seek to oust the defendants, the demurrer must be sustained, notwithstanding the fact that the incumbents were appointed under an act which was declared unconstitutional by this court in the case of *Sheridan* v. *Lankering,* 54 *Vroom* 123. Where a private relator seeks to oust the incumbent from an office upon the ground that he, the relator, is rightfully entitled to its possession and enjoyment, the proceeding being in the nature of a private controversy in relation to the incumbency thereof, so far as he *personally* is concerned, he is not entitled as of right to a judgment of ouster against the defendant, unless it appears that he is legally entitled to the office. *Manahan* v. *Watts,* 35 *Id.* 465. But the proceeding has, nevertheless, a dual aspect (notwithstanding the *dictum* in Manahan *v.* Watts to the contrary). The rights of the public as well as those of the parties are involved. *Anderson* v. *Myers,* 48 *Id.* 186. We are, therefore, to consider whether the public interests will be subserved by such a judgment. If entered it will leave the board of education of Wildwood entirely without membership, and the administration of the affairs of that school district at a standstill. The attorney-general, who is the representative of the state, and, as such, is primarily to determine whether the interests of the public require the immediate turning out of office of the defendants, or their retention until their offices are filled by *de jure* appointees,

does not seek a judgment of ouster against them. The inference is that he does not consider such a judgment to be for the best interests of the state. We concur in this view. The defendants are *de facto* officers. As such their acts are valid and binding, so far as they involve the interests of the public and of third persons; and it is better, we think, for the school district of Wildwood that its affairs should continue to be conducted by officers who in good faith entered upon the performance of their duties under an appointment made pursuant to a statute which was subsequently declared unconstitutional, rather than that there should be a complete stoppage of its affairs for an indefinite period.

This conclusion makes it unnecessary for us to consider the contention of the defendants that the supplement of 1912 violates constitutional provisions.

The defendants are entitled to judgment on the demurrer.

Leave, however, is reserved to the relators to apply for permission to amend their information by setting up the non-acceptance of article 7 of the General School law by the voters of the city of Wildwood (if such be the fact), if they deem it advisable to do so.