DANIEL H. V. BELL, PROSECUTOR, v. CITY OF ATLANTIC CITY ET AL., DEFENDANTS.

Submitted July 6, 1916—Decided November 10, 1916.

The prosecutor was appointed to the office of city clerk of Atlantic City, for one year at a stated salary, and held the office without reappointment for three years, when he was superseded by another. He contests the legality of the appointment of his successor upon the ground that, being a veteran of the Spanish-American war, he cannot be removed under the provisions of the act of 1907, chapter 14, without good cause, and after a fair and impartial hearing. *Held,* that the act of 1907 applies only to officials holding an office, whose term was not fixed by law at the time of the passage and approval of the act.

---

On *certiorari* removing resolution of commissioners.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Theodore W. Schimpf.*

For the defendants, *Harry Wootton.*

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* in this case brings up for review a resolution passed by the commissioners of Atlantic City removing the prosecutor from the office of city clerk and appointing another in his place. The contention of the prosecutor against the validity of this action is based upon the fact that he is an honorably-discharged veteran of the Spanish-American war, and as such is entitled under the Veteran act (*Pamph. L.* 1907, *p.* 37) to serve in the position from which he was removed until, in the language of the act, he shall be removed "for good cause shown after a fair and impartial hearing." That act, however, contains a qualifying feature which presents the real inquiry upon this writ, *i. e.*, the veteran who may claim the benefit of its provisions must be the occupant of an office or position "whose term of office is not now fixed by law."

It is important to inquire, therefore, whether at the time of the enactment of the legislation invoked the term of office of the city clerk was fixed by law, for obviously if it was, the prosecutor does not bring himself within the terms of the act. The city is governed by the provisions of "An act relating to, regulating and providing for the government of cities," approved April 3d, 1902. *Pamph. L., p.* 284. The second section of the act provides for the appointment of a city clerk and fixes his term of office at three years.

Subsequent legislation applicable to the city enabled the commissioners to appoint a city clerk "for such term as they may fix." *Pamph. L.* 1911, *p.* 462; *Pamph. L.* 1912, *p.* 643. The commissioners, on July 16th, 1912, adopted a resolution providing for the appointment of a city clerk for the term of one year, and fixing his salary. At a meeting, held on July 30th, 1912, the prosecutor was appointed to the office and the salary by another resolution was increased. No change was made in the office until May 16th, 1916, when

another resolution was passed providing for the election of a
city clerk and fixing his salary.

At that meeting a successor to the prosecutor was ap-
pointed.

We think that this legislation, and the municipal action
taken thereunder, created an office with a fixed term, and that
the prosecutor cannot invoke the Veteran act to maintain his
tenure. *Gilhooly* v. *Freeholders,* 43 *Atl. Rep.* 569.

The legislation referred to manifestly was intended to
enable the commissioners to fix the term of office, and the reso-
lutions adopted by the commissioners in pursuance thereof
leave no doubt that they availed themselves of the power so
conferred.

The act of 1902 fixed the term at three years, and the only
change worked by the subsequent legislation was to leave the
duration of the term optional with the commissioners, and in
either event the term of office was fixed.

If it be contended that the latter legislation was subject to
the provisions of the Veteran act, upon the theory that such
was the legislative intent, the answer is that the Veteran act
expresses its own limitation, and applies only to offices whose
terms were not fixed by law at the time of the passage and
approval of the act.

The passage of the resolution creating the office and fixing
the term of city clerk was tantamount to a law, and, obvi-
ously, was operative as such within the municipality. *Hardy*
v. *Orange,* 61 *N. J. L.* 620.

In any event, we cannot give to the act in question, in the
absence of a clear legislative intent to that end, a construc-
tion which in effect would annul the power vested in the com-
missioners by the acts under which they are constituted and
which contemplate the appointment of officials for fixed
terms.

The case of *Stewart* v. *Freeholders,* 61 *N. J. L.* 117, is not
analogous. There the prosecutor held a position only, and it
was held that such a place did not come within the language
of a statute, which fixed the terms of officers only. Here the

commissioners had the undoubted power to fix the term of the office in question.

The result is that the resolution under review will be affirmed.