HARVEY U. FLOREY, RELATOR, v. LEWIS M. LANNING, RESPONDENT.

Argued June 6, 1916—Decided March 5, 1917.

1. An appointment to the office of any borough, to fill a vacancy in such office, caused by death, disability, resignation or any other cause, if made for a longer term than until noon of the first day of January following the next annual election, is in violation of section 1 of the amendment of 1904 of the Borough act (*Comp. Stat., p.* 230), and therefore nugatory.
2. One who complains that the incumbent of an office holds the office illegally, can only succeed in a *quo warranto* proceeding to oust the incumbent, by showing that he himself has a legal title thereto.

On *quo warranto.* Demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and BLACK.

For the demurrant, *Oscar Jeffery.*

For the respondent, *Smith & Brady.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The information in this case was filed for the purpose of having it judicially determined whether the relator or the respondent was entitled to the office of member of common council of the borough of Washington. The material facts are not in dispute. One Isaac J. Shields, a member of the common council, died in February, 1915. Shortly afterward, and on the 2d day of March of that year, the relator Florey, was appointed by the mayor of the borough to succeed the decedent for the unexpired term, and his appointment was confirmed by the borough council. Mr. Shields had been elected for a term which expired on the 1st day of January, 1917. Pursuant to his appointment the relator entered upon the office, and continued in the discharge of the duties thereof until the 1st day of January, 1916. On that day a new mayor, one Harry Christine, having been elected at the preceding November election, assumed that the vacancy created by the death of Mr. Shields still persisted, and thereupon appointed the respondent to fill that vacancy, this appointment also being for the unexpired term of Mr. Shields, and likewise affirmed by the council. In pursuance of this latter appointment the respondent ousted the relator, and continued in the occupation of the office up to and at the time of the filing of the present information. The question argued was which, if either, of these litigants is legally entitled to the office.

By section 1 of the amendment of 1904 to the Borough act (*Comp. Stat., p.* 230), it is provided that whenever the office of councilman of any borough in the state shall become va-

cant by reason of death, disability, resignation or any other cause, it shall be lawful to fill such vacancy by appointment, and the person so appointed shall hold office until noon of the first day of January following the next annual election, and until his successor shall have qualified; and that the mayor shall, with the advice and consent of the majority of the remaining members of the council, appoint the councilman to fill such vacancy as above provided for. It is apparent from a reading of this statutory provision that the mayor of Washington upon the death of Mr. Shields could only appoint to fill the vacancy for a period which should come to an end normally on the first day of January then next. This being so, his attempt to fill the office for the unexpired term of Mr. Shields, that is, for a year longer than the statute authorized him to fill it for, was in direct violation of section 1 of the amendment to the Borough act referred to, and, consequently, was entirely nugatory under the decision of this court in *Salter* v. *Burk,* 83 *N. J. L.* 152. The fact that the present relator, Mr. Florey, entered into the office of councilman under this invalid appointment, and assumed to perform its duties, and to receive its emoluments, is immaterial in determining the question now under consideration. It may be conceded that as to the public, and third parties, he was a *de facto* officer; but even so he could not persist in retaining possession of the office to which he had no legal title, against the protest of the municipality itself. As against it, there was in fact a vacancy, unless the incumbent was an officer *de jure.* Admitting that the relator was ousted from the office by a gentleman who had no more right to it than himself, that fact does not entitle him to a judgment against the respondent, for one who complains of the illegality of an incumbent's title to an office can only succeed in a *quo warranto* proceeding by showing that he himself has a legal title thereto. This being so, we are not presently concerned with the validity of the respondent's title, for whether it be good or bad cannot result in entitling the relator to the judgment which he seeks.

The respondent is entitled to judgment on the demurrer.