VIRGINIUS D. MATTIA, PROSECUTOR, v. CITY OF NEW-ARK, A MUNICIPAL CORPORATION, AND JOSEPH M. BYRNE, RESPONDENTS.

VIRGINIUS D. MATTIA, PROSECUTOR, v. CITY OF NEW-ARK, A MUNICIPAL CORPORATION, VINCENT J. MUR-PHY, DIRECTOR OF DEPARTMENT OF REVENUE AND FINANCE, AND JOSEPH M. BYRNE, RECEIVER AND ACTING RECEIVER OF TAXES OF CITY OF NEWARK, RESPONDENTS.

Submitted October 5, 1937—Decided January 8, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Thomas Brunetto.*

For the city of Newark, *James F. X. O'Brien.*

For Vincent J. Murphy and Joseph M. Byrne, *Thomas L. Parsonnet.*

BODINE, J.   By two writs of *certiorari,* Virginius D. Mattia, the prosecutor, seeks to review his removal from the office of receiver of taxes of the city of Newark before the expiration of his term.   He holds by virtue of a letter of appointment for the term of three years signed by A. F. Minisi, director of the department of revenue and finance dated October 22d, 1936.

At the time of prosecutor's appointment, the duties imposed upon the receiver of taxes by the statutes, and the charter and ordinances of the city of Newark were distributed and vested in the department of revenue and finance.   Commissioner Minisi was such director at the time of prosecutor's appointment.

The city of Newark was authorized to fix the term of a tax receiver not to exceed three years.   4 *Comp. Stat., p.* 5184.   On April 3d, 1903, the term of the tax receiver was so fixed by ordinance.   By the adoption of the Walsh act, the management of municipal affairs was entrusted to a board of commissioners, but the mechanism of the city's government and the provisions of its charter remained untouched; nor were general laws or charter provisions relating to the government of the city repealed, except when inconsistent with the provisions of the act.

Although the duties of the receiver of taxes in Newark were taken over and performed by the director of revenue and finance after the adoption of the Walsh act, the statutes and ordinances relating to the office of receiver of taxes still remained in full force.   *Salter* v. *Burk,* 83 *N. J. L.* 152.   In that case was involved the right to the office of city clerk of

the city of Trenton. When that city adopted government by commission, the term of the then present city clerk came to an end, but the Supreme Court said: "The terms of the act disclose that it was not intended in any sense to be a charter or grant of municipal power, except in a most general way. The management of municipal affairs is entrusted to a board of commissioners, but it largely leaves the mechanism of the city's government and the provisions of the charter untouched. It does not alter general laws or charter provisions relating to the government of the city except when inconsistent with its provisions. Its effect is to impose upon the board of commissioners the duty to fill existing offices, made vacant by the adoption of the act and the organization of the board, under the laws and ordinances then in existence. Authority for this statement is sufficiently contained in the * * * act. That the city clerk to be thereafter elected by the commissioners must be elected for a term of three years, must therefore be conceded, for neither the statute of 1900 above cited, nor the act of 1911 (page 679) making the term three years, and until a successor shall be appointed and qualified was legislation inconsistent with the Walsh act. Hence an unqualified election of a city clerk would have constituted the selected person such for the term then prescribed by law; namely, three years."

This would seem to be a complete answer to the argument that the office of receiver of taxes no longer existed in the city of Newark. Nor does the circumstance that the duties of such officer were delegated to the director of revenue and finance convince us to the contrary; nor does the circumstance that for many years an acting receiver of taxes was selected by the entire board of commissioners seem to be any reason to nullify the plain and definite language of the statute and the ordinances adopted prior to the adoption of the commission form of government.

It was said in *Sykes* v. *Heinzman*, 100 *N. J. L.* 12, that the appointment of a city comptroller passed to the director of revenue and finance, and that the provisions with respect to appointments by a board of commissioners at their first meeting were inapplicable to a subsequent appointment.

Mr. Justice Parker said, for the Court of Errors and Appeals, in *Seaman* v. *Strollo*, 105 *N. J. L.* 572: "It was pointed out in the Sykes case that the intent of the statute touching appointments by the board, confined its powers to appointments made 'at the first meeting, or as soon as may be after organization;' but that after the distribution of departments by the new board, the power of appointment passed in cases of vacancy, to the several commissioners presiding over those departments. Inasmuch, therefore, as in the Sykes case, an appointment made in January, months and perhaps years after organization, was held to be exclusively within the jurisdiction of the particular commissioner, so on the other hand an appointment at the organization meeting, as in this case, was exclusively within that of the board as a body."

It would, therefore, seem that the prosecutor was properly appointed to the existing office by designation of the director of revenue and finance, the appropriate officer to make such appointment.

Since the appointment of the prosecutor Mr. Joseph M. Byrne was selected, by resolution, by the board of commissioners as acting receiver of taxes of the city. The writ obtained by the prosecutor to challenge this resolution, by stipulation of the parties, was not pressed pending the disposition of the case of *Pellecchia* v. *Mattia*, 118 *N. J. L.* 512. It was determined in that case that the office or position of acting receiver of taxes of the finance department of the city of Newark, which Pellecchia claimed, was non-existent. Subsequently, the board of commissioners adopted a resolution rescinding the appointment of Mr. Byrne as acting receiver of taxes. In so far as the writ runs against Mr. Byrne, it would seem that it should be dismissed.

It was stipulated that no written charges were preferred against the prosecutor, but it is contended by the respondent city that his term could be for no longer period than the term of the director of revenue and finance who appointed him. The prosecutor having an unqualified designation by the proper official for the term prescribed by law, *i. e.,* three

years, was entitled to his office. *Stale, Hart* v. *Schoonmaker,* 14 *N. J. Mis. R.* 173; *affirmed,* 117 *N. J. L.* 151.

The prosecutor was improperly removed from his office or position as receiver of taxes before the expiration of his term and is entitled to such relief as may be necessary under the circumstances.