KATHRYN ERVOLINI, PROSECUTOR, v. COUNTY OF CAM-
DEN AND THE BOARD OF CHOSEN FREEHOLDERS OF
THE COUNTY OF CAMDEN, RESPONDENTS.

Argued October 7, 1941—Decided December 15, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Carl Kisselman.*

For the respondents, *Vincent L. Gallaher.*

The opinion of the court was delivered by

PORTER, J. The legality of a resolution of the respondent
Board of Chosen Freeholders (hereinafter called the Board),
in rescinding a prior resolution fixing the salaries of con-
stables and court attendants in Camden County is before us
for review on *certiorari.*

The statute, *N. J. S. A.* 2:16-45, provides that constables
and court attendants in counties with inhabitants of from
200,000 to 300,000 shall receive annual salaries of not less
than $1,092 to "be fixed by the board of chosen freeholders
of any such county upon the recommendation of the judge
of the court of common pleas * * *." On March 13th,

1940, by resolution of the Board in pursuance of this statute and upon recommendation of the Judge of the Court of Common Pleas the salaries of the constables and court attendants were fixed at $1,092 per annum. This resolution was rescinded by the Board on April 23d, 1941, by the challenged resolution.

The Civil Service status of these court officers and their right of compensation has been settled by this court. *Luker* v. *Civil Service Commission,* 126 *N. J. L.* 229; *McCullough* v. *County of Camden,* 126 *Id.* 232. Thus failing to supplant these officers the present plan to reduce their compensation sets on foot another attempt to accomplish the same result. But whether or not the Board is acting in good faith is perhaps beside the point.

The sole questions to be decided are whether the statute, *N. J. S. A.* 2:16-45, *supra,* under which the resolution of March 13th, 1940, fixing the salaries is mandatory or not and if so whether or not it is invalid as special legislation regulating the internal affairs of a county under the provisions of article 4, section 7, paragraph 11 of the Constitution.

We think that it is mandatory and that it is not class legislation.

The clear intention of the legislature, as expressed in the statute, is that all constables and court attendants assigned to the mentioned courts in the designated counties *"shall"* be fixed by the Board of chosen freeholders of any such county upon the recommendation of the judge of the court of common pleas of any such county, and *shall* be paid semi monthly." The recommendation of the judge is a prerequisite to the fixing of salaries and is entirely discretionary but when given, as here, it becomes mandatory on the Board to act in accordance with the recommendation. We can read no other meaning in the statute. Where the word "shall" is used in a statute the presumption is that its use is imperative and not merely directory unless the character of the legislation or the context justifies a different meaning. *Haythorn* v. *Van Keuren,* 79 *N. J. L.* 101; *Foley* v. *Orange,* 91 *Id.* 554. The said resolution of March 13th, 1940, fixing the salaries was entirely within the statute and is binding and

irrevocable as far as the Board is concerned except that the salaries might be increased. It follows that the resolution under review revoking it was entirely void and of no effect.

We think that this legislation is general effecting all of a described group alike, none within that group being excluded from the provisions of the statute.

It is argued that there are but two counties in the state coming within the definition of the statute, Camden and Middlesex, and that the act only applies to Camden because it has adopted the provisions of the Civil Service Act and so under *N. J. S. A.* 2:16-45, *supra,* the salaries for court attendants are fixed at not less than $1,092 while in Middlesex where the Civil Service Act has not been adopted the salaries are fixed at not less than $900 nor more than $1,200, *N. J. S. A.* 2:16-47. Therefore it is argued that the legislation is not general having set up a special class for those who have adopted civil service and for those who have not. The statute under review does apply to both counties because of the population classification but does not fully apply to Middlesex because it has not adopted civil service and as seen there is therefore a difference in the status of the court attendants in the two counties. Population is not, however, the sole distinction between special and general legislation. Those classified under civil service in counties of the class enumerated under this statute constitute a distinctive group with the same characteristics which make them a class by themselves. The distinction between those classified and those not classified under civil service is not an illusory but is a substantial distinction. Those classified have certain tenure, must meet certain standards and qualifications and are restricted with respect to political activities while those not so classified occupy an entirely different status.

A law to be general must operate equally upon all of a group of objects which, having regard to the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves. We conclude that the statute meets these requirements. That was the test laid down in *Central Railroad Co.* v. *State Board of Assessors,* 75 *N. J. L.* 771, 786; *Burlington* v. *Pennsyl-*

*vania Railroad Co.,* 104 *Id.* 649, 654, and *Delmar* v. *Bergen County,* 117 *Id.* 377, 381; also compare *Raymond* v. *Township of Teaneck,* 118 *Id.* 109; *Freeholders of Hudson* v. *Clarke,* 65 *Id.* 271.

It follows that the challenged resolution of the Board of April 23d, 1941, is set aside as being illegal and that the resolution of March 13th, 1940, remains in full force and effect. The prosecutor is entitled to costs.