[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 526 
Francis X. Burke, in these proceedings, seeks a judgment "that plaintiff is the lawfully appointed and functioning City Clerk of the City of Jersey City and that the appointment of the defendant, James A. Tumulty, is illegal and void, and further seeks a judgment of this court that plaintiff is entitled to receive the salary and emoluments of the office from the 17th day of May, 1949, and to be restored to the possession and custody of the office of City Clerk to exercise the functions and duties thereof."
It appears that on June 17, 1947, the board of commissioners of the City of Jersey City adopted a resolution, the pertinent part of which follows:
"Resolved, That Francis X. Burke be and he hereby is appointed City Clerk of the City of Jersey City at an annual salary of Seven Thousand Five Hundred Dollars ($7,500), payable in equal semimonthly installments, said appointment to take effect immediately;"
Plaintiff immediately entered into his duties and continued to serve until May 17, 1949, when at the organization meeting *Page 527 
of the board of commissioners elected for Jersey City on May 10, 1949, a resolution was adopted appointing James A. Tumulty as clerk and the said Tumulty is now occupying that office to the exclusion of the plaintiff. Plaintiff is an honorably discharged veteran of World War II. No charges were preferred against him and consequently he was not removed from office for cause after a hearing.
The defendants have filed an answer denying plaintiff's right to the office of clerk and the matter is now before the court on plaintiff's motion for a summary judgment.
Plaintiff contends that, because he was not appointed for a definite term, his term of office was coterminus with that of the appointing board and, therefore, by virtue of the 1942 amendment to the Veterans' Tenure Act (R.S. 38:16-1, as amended by P.L.
1942, c. 83) he is entitled to serve as clerk until he shall be removed "for good cause shown after a fair and impartial hearing." In support of his contention, plaintiff relies uponFox v. Board of Education of Newark, 129 N.J.L. 349 (Sup.Ct. 1943); affirmed, 130 N.J.L. 531 (E. A. 1943).
R.S. 38:16-1 as amended by P.L. 1942, c. 83, reads as follows:
"No person now holding any employment, position or office under the government of this State, or the government of any county or municipality, including any person employed by a school board or board of education, or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now fixed by law, and receiving a salary from such State, county or municipality, including any person employed by a school board or board of education, who has served as a soldier, sailor, marine or nurse, in any war of the United States, or in the New Jersey State militia during the period of the World War, and has been honorably discharged from the service of the United States or from such militia, prior to or during such employment in or occupancy of such position or office, shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons.
"For the purposes of this section no term of office, position or employment of any person shall be deemed to be fixed by law or coterminus with that of the employing or appointing board or body by *Page 528 
reason of the fact that such person was or is appointed or employed by a noncontinuous board or body; provided, however, that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time."
The City of Jersey City is governed by the commission form of government law. R.S. 40:70-1 et seq. The provision for the appointment of a city clerk for such municipality is found inR.S. 40:73-7, which reads as follows:
"In every municipality governed by chapters 70 to 76 of this title (R.S. 40:70-1 et seq.), the board of commissioners shall appoint a municipal clerk to hold office for such term as it shall fix. * * *."
The mandatory character of the language used in the clause in the above statute "for such term as it shall fix" demonstrates a clear legislative intent that the clerk of a municipality governed by the commission form of government law holds his office for a fixed or stated period of time. Prior to the 1937 Revision the language had been permissive in form ("may" was used instead of "shall," P.L. 1930, c. 221), but a mandatory purpose was indicated. As the present case arises under municipal action taken in 1947, it is unnecessary to decide any more than that the present applicable statutory provision is mandatory and not merely permissive. The legislative purpose is that the term of office of clerk is for a fixed or stated period of time. Cf.Maxwell v. Board of Com'rs of City of Wildwood, 111 N.J.L. 181
(Sup. Ct. 1933); Bell v. Atlantic City, 89 N.J.L. 443
(Sup. Ct. 1916). The office is therefore excluded from the operation of the Veterans Tenure Act (R.S. 38:16-1, as amended by P.L. 1942, c. 83), as its provisions do not apply "to appointments made for a fixed or stated period of time."
R.S. 40:73-7 not only contemplates but requires that a municipal clerk shall be appointed, but the term is stated to be as the board of commissioners shall fix. The board is given no power to confer the office for an indefinite term. The plain requirement of the statute cannot be circumvented by non-action any more than by direct action contrary to the *Page 529 
legislative intent. The governing body of a municipality may not by its own act or failure to act enlarge, change or diminish its powers, as any such action or inaction would be inconsistent with the rule as to municipal powers being wholly dependent upon enabling legislation. See Allgaier v. Woodbridge Tp.,5 N.J. Super. 21 (App. Div. 1949).
Fox v. Board of Education of Newark, supra, relied on by the plaintiff, differs substantially from the present case. In that case there was a complete absence of legislation prescribing the appointment for a fixed or stated period of time as to the term of the employee of the school board, who invoked the Veterans' Tenure Act. In respect to the position considered in that case there was no statutory enactment even remotely similar to R.S.
40:73-7.
In the present case, the board's failure to fix a term cannot create tenure rights against the plain statutory exclusion of such rights. The board cannot by indirection do what it may not do directly, particularly where a duty has been imposed by the statute to fix the term.
Whatever may be the status of the defendant Tumulty, the present incumbent of the office, as to the duration of his term, the plaintiff cannot prevail upon a weakness in Tumulty's right to the office. Plaintiff must succeed, if at all, upon the strength of his own title to the office. Manahan v. Watts,64 N.J.L. 465 (Sup. Ct. 1900); Van Brookhoven v. Kennedy,125 N.J.L. 178 (Sup. Ct. 1940); affirmed, 125 N.J.L. 507 (E. A. 1941).
It is the court's conclusion that the plaintiff does not have tenure and that he has no right to the office that he seeks.
The motion for summary judgment is denied. *Page 530