9 N.J. Super. 160 (1950)
75 A.2d 633
FRANCIS X. BURKE, PLAINTIFF-APPELLANT.
v.
JOHN F. KENNY, DONALD SPENCE, LOUIS MESSANO, CHARLES WITKOWSKI, JAMES F. MURRAY, INDIVIDUALLY AND AS THE BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, JAMES A. TUMULTY AND CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 6, 1950.
Decided September 20, 1950.
*162 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Maurice C. Brigadier argued the cause for the appellant (Mr. Joseph M. Thuring, attorney).
Mr. Mortimer Neuman argued the cause for the respondents (Mr. John B. Graf, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The subject matter of this litigation can be concisely stated. Pursuant to a resolution adopted by the Board of Commissioners of the City of Jersey City on June 17, 1947, the plaintiff was appointed to the office of City Clerk and he thereafter performed the duties of that office. On May 10, 1949, a municipal election was conducted in the City of Jersey City at which the former incumbents of the Board of Commissioners were defeated and the defendants were elected. At the organization meeting of the newly constituted Board on May 17, 1949, a resolution was adopted, of which the following portion is presently pertinent:
"RESOLVED, That James A. Tumulty, Jr., be and he is hereby appointed City Clerk of Jersey City, at an annual salary of Seven Thousand Five hundred Dollars ($7,500.00) payable in equal semimonthly installments; said appointment to take effect immediately * * *."
The plaintiff promptly impugned the legality of the latter resolution in that it was the acknowledged fact that he had served as a soldier in the armed forces of the United States during World War II from September 16, 1940, until his honorable discharge from such service on November 12, 1945, and that consequently he was entitled by virtue of the provisions *163 of our existing statutory law to retain the office during good behavior.
Succinctly stated, this action was instituted to obtain a judicial determination of the title to the office thus drawn into controversy. With all the material facts admitted, the decision of the Law Division of this court was accelerated by means of converse motions for summary judgment. The judgment was adverse to the contention of the plaintiff, 6 N.J. Super. 524, 69 A. 2d 757 (Law Div. 1949); hence the present appeal. Rule 3:81-7.
There are certain features of this case which prompt us to state preliminarily that although prerogative writs have been superseded and a simplified procedure has been adopted "in lieu thereof" (Rule 3:81-1), yet in an action, such as this, prosecuted under the authority of R.S. 2:84-7, N.J.S.A., the plaintiff alleging himself to be lawfully entitled to the office must assume the burden of proving his right to the office and the validity of his own title to it. The weakness or invalidity of the title of the incumbent does not supply any strength to the plaintiff's cause of action. Davis v. Davis, 57 N.J. Law 80, 30 A. 184 (Sup. Ct. 1894); Manahan v. Watts, 64 N.J.L. 465, 45 A. 813 (Sup. Ct. 1900); Dunham v. Bright, 85 N.J.L. 391, 90 A. 255 (Sup. Ct. 1914); Florey v. Lanning, 90 N.J.L. 12, 100 A. 183 (Sup. Ct. 1917); McCarthy v. Walter, 108 N.J.L. 282, 156 A. 772 (E. & A. 1931); Toomey v. McCaffrey, 116 N.J.L. 364, 184 A. 835 (Sup Ct. 1936).
We note in passing that the only authentic designation of the term of office of a city clerk of Jersey City appears in its charter wherein it is fixed for the period of one year. P.L. 1871, c. 424, pp. 1094, 1108. The city, however, adopted the form of municipal government designed by the Walsh Act. P.L. 1911, p. 462; R.S. 40:70-1, N.J.S.A.
Suffice to state that it has been uniformly resolved that where there is no inconsistency or conflict between the provisions of the charter and the statute erecting the new form of government, the charter powers and provisions continue *164 in force and the powers conferred by statute such as those creating, for example, the commission form of government or the municipal manager form, are to be regarded as supplementary. Walsh v. Trenton, 117 N.J.L. 64, 186 A. 818 (Sup. Ct. 1936); Mattia v. City of Newark, 119 N.J.L. 268, 196 A. 202 (Sup. Ct. 1938).
The statutory structure of commission form of government incorporates the essential requirement that "the board of commissioners shall appoint a municipal clerk to hold office for such term as it shall fix." R.S. 40:73-7, N.J.S.A. It may be reasonably asserted that the statute bestowed upon the commissioners the power and authority to alter the duration of the term of that office from that theretofore specified in the charter. Bell v. Atlantic City, 89 N.J.L. 443, 99 A. 127 (Sup. Ct. 1916).
In the present case it is evident that the plaintiff has not held the office "continuously for five years from the date of his original appointment" (R.S. 40:46-7, N.J.S.A.), and that neither the resolution appointing the plaintiff nor that appointing the incumbent purports to fix the term of office.
The cardinal question with which we are concerned in this appeal is whether the plaintiff's claim to tenure of office is legally tenable. It is argued on his behalf that he derives his tenure of office from R.S. 38:16-1, N.J.S.A. (as amended P.L. 1942, c. 83, p. 326, § 1).
The trial judge conceived that the factor of pivotal significance was the discernible intention of the Legislature in the composition and enactment of the pertinent statutes, and we acquiesce in that rationalistic approach to the solution of the issue.
The conclusion is inescapable that the beneficial security of tenure afforded veterans occupying positions or offices in state, county, or municipal government by R.S. 38:16-1, N.J.S.A., as amended, was not intended to encompass those whose term of office or duration of employment was definitely designated. Indeed, that intention is expressly and distinctly manifested in the qualifying language, viz., *165 "Provided, however, that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time." Contrast Bell v. Atlantic City, supra; Maxwell v. Wildwood, 111 N.J.L. 181, 168 A. 143 (Sup. Ct. 1933); Ackley v. Norcross, 122 N.J.L. 569, 6 A.2d 721 (Sup. Ct. 1939); affirmed, 124 N.J.L. 133, 11 A.2d 106 (E. & A. 1940).
In attaching the limitation it is reasonable to believe that the Legislature contemplated the exclusion of all appointments which by law were directed to be made for fixed and stated terms.
As previously disclosed, the cognate provision in our statute relating to municipalities pursuing the commission form of government directs the board of commissioners to appoint "a municipal clerk to hold office for such term as it shall fix * * *." Vide, Ervolini v. Camden County, 127 N.J.L. 473, 23 A.2d 118 (Sup. Ct. 1941). True, the word "may" instead of "shall" is discovered in the statute prior to the 1937 Revision. Vide, P.L. 1930, c. 221. The revisers evidently assumed that the word "may" in its context appertaining to powers of municipal government involving the public interest had a mandatory import and for purposes of clarity supplanted it with the verb form "shall," and the Legislature in the adoption of the Revision confirmed their interpretation. The substitution, however, would seem to render it the more conspicuous that in the enactment of the amendment of 1942 which the plaintiff invokes, the Legislature observed the mandatory tone of the provision governing the appointments of city clerks in such municipalities, and considered such appointments to be in the class of those required to be made "for a fixed or stated period of time." It is, of course, elementary that in undertaking to ascertain the legislative intent, the courts will take into consideration the state of the existing law at the time the statute under scrutiny was enacted.
We therefore base our decision, as did the trial judge, fundamentally upon the apparent and evident intent of the *166 Legislature and conclude that it was not the legislative intent or purpose to embrace within the provisions of the statute those appointed to the office of city clerk pursuant to R.S. 40:73-7, N.J.S.A.
The judgment under review is accordingly affirmed.