70 N.J. Super. 209 (1961)
175 A.2d 250
DAVID R. SMITH, PLAINTIFF-APPELLANT,
v.
CITY COUNCIL OF THE CITY OF HACKENSACK, AND THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN, DEFENDANTS-RESPONDENTS. EDGAR H. SIMONSEN, ARTHUR E. ROMANO, ALBERT M. BOGATH AND JOHN A. NATIVO, PLAINTIFFS-APPELLANTS,
v.
CITY COUNCIL OF THE CITY OF HACKENSACK, AND THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN, DEFENDANTS-RESPONDENTS. DAVID R. SMITH, PLAINTIFF-APPELLANT,
v.
HAROLD McKENZIE, CITY COUNCIL OF THE CITY OF HACKENSACK, AND THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1961.
Decided November 13, 1961.
*210 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Ralph W. Chandless argued the cause for appellants (Messrs. Chandless, Weller & Kramer, attorneys).
Mr. George A. Brown argued the cause for respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff, David R. Smith, an honorably discharged veteran of the First World War was appointed tax assessor of the City of Hackensack on October 8, 1959, by resolution of the city council which also provided that he was to serve at the pleasure of the council. The City of Hackensack is a municipality operating under the municipal manager form of government. Its governing body *211 is a city council. At the time of Smith's appointment there was an ordinance in effect adopted on October 16, 1933, which established, inter alia, the office of city assessor but did not set forth the nature and scope of his duties or the amount of compensation to be paid. Cf. Wagner v. Lodi, 56 N.J. Super. 204 (App. Div. 1959) certif. denied 30 N.J. 599 (1959).
On January 19, 1960 the City Council of Hackensack adopted an ordinance establishing the office of tax assessor, outlining the duties thereof and fixing the compensation therefor. Said ordinance also purported to fix a four-year term for said office "as provided by R.S. 40:46-6.2." Thereafter the city council by resolution, adopted February 2, 1960, appointed Smith as tax assessor of the City of Hackensack "for the term prescribed by law."
On June 21, 1960 the city council repealed the ordinance adopted on January 19, 1960, and on August 16, 1960 the council adopted a resolution discharging Smith as tax assessor and naming the defendant Harold McKenzie as acting tax assessor. McKenzie served in that capacity until October 24, 1960, when Ralph T. Meloro was appointed tax assessor by resolution of the city council.
As a result of the foregoing, three actions were commenced and were consolidated for trial. Basically, these actions raise two issues. One  does the tax assessor of a municipality operating under the municipal manager form of government, R.S. 40:79-1 et seq., serve at the pleasure of the council in accordance with N.J.S.A. 40:81-11 (a section of the Municipal Manager Form of Government Act), or can he be given a four-year term of office in accordance with the provisions of N.J.S.A. 40:46-6.2 (an act relating to municipalities generally)? Two  does the Veterans' Tenure Act, N.J.S.A. 38:16-1 et seq., apply to the tax assessor of a municipality operating under the municipal manager form of government?
For convenience the statutory provisions herein considered are reproduced as follows:

*212 Municipal Manager Form of Government Act

N.J.S.A. 40:80-12 (L. 1923, c. 113 as am.):
"No law, general or special, or any provision thereof, affecting the government of any municipality governed by this subtitle and contrary to or inconsistent with the provisions hereof, shall apply to such municipality, but the adoption of this subtitle shall not affect the application of chapter eight of Title 2A of the New Jersey Statutes."
N.J.S.A. 40:81-11 (L. 1923, c. 113, as am.):
"The municipal council shall appoint a municipal manager, an assessor, or where required by law a board of assessors, an auditor, a treasurer, a clerk, and an attorney. * * * All such officers appointed by the council shall hold office during the pleasure of the council."

Act Relating to Municipalities Generally
N.J.S.A. 40:46-6.2 (L. 1938, c. 386):
"The term of persons holding the position or office of `tax assessor' in any municipality of this State is fixed at four years. Any person now holding the position or office of `tax assessor' in any municipality of this State, and any person who may be hereafter appointed to, or elected to the position or office of `tax assessor' in any municipality of this State, shall hold their said office for a term of four years from the first day of July next following said election or appointment. * * *"
N.J.S.A. 40:46-6.3 (L. 1938, c. 386):
"* * * [T]his act shall be construed and applied to include tax assessors in all municipalities of this State, irrespective of the form of government under which such municipalities may operate."

Veterans' Tenure Act
N.J.S.A. 38:16-1 (L. 1907, c. 14, as am.):
"No person now holding any employment, position or office under the government of * * * any * * * municipality * * * or who may hereafter be appointed to any such employment, office or position, whose term of employment, office or position is not now *213 fixed by law, and receiving a salary from such * * * municipality, * * * who has served * * * [as a veteran in any war of the United States and has been honorably discharged from such service] shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons."
The trial court held that a tax assessor of a municipality operating under the municipal manager form of government served at the pleasure of the council in accordance with N.J.S.A. 40:81-11 and that the provisions of N.J.S.A. 40:46-6.2 did not govern, so that such assessor could not be given a 4-year term of office. The trial court also held that plaintiff as such tax assessor was not protected by the provisions of the Veterans' Tenure Act, N.J.S.A. 38:16-1. Smith's dismissal was therefore upheld.
We are in accord with the ruling that the office of tax assessor herein is governed by N.J.S.A. 40:81-11 and that he holds office during the pleasure of the council. Smith's contention that N.J.S.A. 40:46-6.2 and N.J.S.A. 40:46-6.3, being later enactments, prevail over the tax assessor provisions of N.J.S.A. 40:81-11 is not correct. N.J.S.A. 40:81-11 was amended in 1942, in 1953 and again in 1957, so that it is the later expression of legislative purpose. On each occasion the Legislature has seen fit to retain the provision that assessors (in municipalities operating under the municipal manager form of government) shall hold office during the pleasure of the council. N.J.S.A. 40:80-12 was also amended in 1953 and it retains the provision that "no law * * * inconsistent with the provisions" of the municipal manager form of government act "shall apply" to municipalities operating under said act. Thus any suggestion that N.J.S.A. 40:46-6.2 controls is untenable.
We also agree with the ruling that the Veterans' Tenure Act N.J.S.A. 38:16-1 does not apply to Smith's appointment as tax assessor of the City of Hackensack.
*214 It is well settled that the general terms of the Veterans' Tenure Act, N.J.S.A. 38:16-1, adopted in 1907 may not properly be applied to employments under later specific enactments which adequately evidence a legislative purpose of excluding them from its tenure protection. Brennan v. Byrne, 31 N.J. 333 (1960), and cases therein cited; Gobac v. Davis, 62 N.J. Super. 148, 160 (Law Div. 1960). See Annotation, "Rights of non-civil service public employees, with respect to discharge or dismissal, under state veterans' tenure statutes," 58 A.L.R.2d 960.
Here we are dealing with the Municipal Manager Form of Government Law adopted in 1923. The section of this law with which we are concerned provides that the city council shall appoint a municipal manager, an assessor, an auditor, a treasurer, a clerk, and an attorney, and that such officers shall hold office during the pleasure of the council. N.J.S.A. 40:81-11. As has been noted, this section of the law was amended in 1942, 1953, and again in 1957. On each occasion the law has retained the provision that these officers shall hold office "during the pleasure of the council."
The officers whose appointments and terms of office are provided for by N.J.S.A. 40:81-11 are not subordinate employees. On the contrary, they are the key administrative personnel of the particular form of government. They have the direct responsibility of administering the policy established by the city council, the members of which are elected every four years. Plainly, the statute indicates that, except as therein provided, these sensitive administrative posts are to be subject to the control of the city council at all times. Thus we discern a legislative intent to exclude these offices from the general terms of the Veterans' Tenure Act. Brennan v. Byrne, supra, and cases therein cited; Gobac v. Davis, supra. Cf. Talty v. Board of Education, 10 N.J. 69 (1952); Burke v. Kenny, 9 N.J. Super. 160 (App. Div. 1950). If this were not so, despite the provision that "all such officers appointed by the council shall hold office during the pleasure of the council," the council could not appoint a veteran to *215 any of the enumerated offices without conferring tenure on him.
Affirmed.