JOHN C. TALTY, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF HOBOKEN, DEFENDANT-APPELLANT.

Argued May 26, 1952—Decided June 16, 1952.

*Mr. Thomas J. Brogan* argued the cause for appellant.

*Mr. Maurice C. Brigadier* argued the cause for respondent (*Mr. Joseph P. Hanrahan,* attorney).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. By resolution adopted September 1, 1939, defendant board of education appointed plaintiff to the office of medical inspector but did not fix the

term of the appointment. The appointment was made under *R. S.* 18:14–56 which at the time provided that "Every board of education *shall* employ a competent physician to be known as the medical inspector, and *may* also employ a nurse, and *fix* their salaries and terms of office." (Italics supplied.) Plaintiff was dismissed, without assigned cause and without hearing, by resolution adopted January 20, 1949. He is an honorably discharged veteran of World War I. He filed a complaint in the Law Division and obtained a judgment directing his reinstatement with back pay as an honorably discharged veteran holding an office "whose term * * * is not now fixed by law" protected from removal except for good cause and after hearing by the Veterans' Tenure Act, *R. S.* 38:16–1 as amended *L.* 1942, *c.* 83, *p.* 326, *Sec.* 1. *Talty v. Board of Education of Hoboken,* 11 *N. J. Super.* 122 (*Law Div.* 1950). The Appellate Division affirmed for reasons stated in the opinion of the Law Division. *Talty v. Board of Education of Hoboken,* 16 *N. J. Super.* 396 (1951). We granted certification to review the judgment of the Appellate Division, 9 *N. J.* 115 (1952).

The fact that the appointing resolution did not fix plaintiff's term of office does not give plaintiff the protection of the Veterans' Tenure Act if the defendant board was obliged by *R. S.* 18:14–56 to fix his term. Where the appointing body is under statutory mandate to fix the term, its failure to do so cannot create tenure rights in the appointee against the plain exclusion by the terms of the Veterans' Tenure Act of persons whose appointments are required by law to be made by the appointing authority for a fixed or stated period of time. *Burke v. Kenny,* 9 *N. J. Super.* 160 (*App. Div.* 1950), affirming 6 *N. J. Super.* 524 (*Law Div.* 1949).

*R. S.* 18:14–56 provides that "Every board of education *shall* employ a * * * medical inspector * * *," thereby directly creating such office. *Cf. Jersey City v. Department of Civil Service,* 7 *N. J.* 509, 522 (1951). A local board of education is a noncontinuous body without power

to appoint a medical inspector for a term longer than its own. *Skladzien v. Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602 (*Sup. Ct.* 1934), affirmed 115 *N. J. L.* 203 (*E. & A.* 1935). Where the statute does not fix the term, an appointment without term is deemed in law to be for a term coterminous with the term of the appointing body. *Evans v. Board of Education of Gloucester City,* 13 *N. J. Mis. R.* 506 (*Sup. Ct.* 1935), affirmed 116 *N. J. L.* 448 (*E. & A.* 1936). The *Evans* case denied an honorably discharged veteran, the solicitor for a local board of education appointed without term, the protection of the Veterans' Tenure Act, as that statute read at the time, on the ground that his appointment was to be deemed in law to be for a term of one year, the term of office of the body appointing him.

The 1942 amendment to the Veterans' Tenure Act provides, however, that "For the purposes of this section (*R. S.* 38:16–1) no term of office, position or employment of any person shall be deemed to be fixed by law or coterminous with that of the employing or appointing board or body by reason of the fact that such person was or is appointed or employed by a noncontinuous board or body; *provided, however,* that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time." In *Fox v. Board of Education,* 129 *N. J. L.* 349 (*Sup. Ct.* 1943), affirmed 130 *N. J. L.* 531 (*E. & A.* 1943), it was held that this amendment brought within the coverage of the Veterans' Tenure Act a legal assistant appointed without term under *R. S.* 18:6–27 authorizing the employment of named executives "* * * and other officers, agents, and employees as *may* be needed, and *may* fix their compensation and terms of employment * * *."

The *Fox* decision holds only that by force of the 1942 amendment an appointment deemed in law to be coterminous with that of the appointing body is not an appointment for a term fixed by law within the meaning of the Veterans' Tenure Act when made pursuant to a statute which does not require that the appointing body fix the term. That *R. S.*

18:6–27 under which Fox was appointed did not require the fixing of his term of employment seems to have been conceded, or in any event not to have been questioned. In the instant matter it is insisted that *R. S.* 18:14–56 obliges the board to fix the term of appointment of the medical inspector and that plaintiff is thereby excluded from coverage under the Veterans' Tenure Act by the express words of the proviso to the 1942 amendment that the act shall not apply "to appointments made for a fixed or stated period of time." The Law Division construed *R. S.* 18:14–56 as not requiring the defendant board to fix plaintiff's term, and so held that the *Fox* case controlled the result. It was reasoned that the word "may" in the clause providing that the board "*may* also employ a nurse" modifies also the clause which follows, "and *fix* their salaries and terms of office," so that the latter is to be read as if it said "and *may fix* their salaries and terms of office," referring to both medical inspector and nurse.

We think the construction of *R. S.* 18:14–56 made below is erroneous. It is clear to us from its context, as buttressed by its statutory history, that the statute requires that every board of education *shall* employ a medical inspector and that it *may* also employ a nurse, but that in either case it *shall* fix the salary and term of office of the physician and the nurse so appointed.

The statute has its source in *L.* 1903 (*2d Spec. Sess.*), *c.* 1, *Sec.* 229, *p.* 91, which provided that "Every board of education *may* employ a competent physician to be known as the Medical Inspector, fix his salary and define his duties." By *L.* 1909, *c.* 92, *Sec.* 1, *p.* 126, it was amended to read, "Every board of education *shall* employ a competent physician to be known as the medical inspector and fix his salary and term of office * * *." It is obvious that the requirement at that time to fix a salary and term of office was mandatory and not permissive. However, the statute was again amended by *L.* 1927, *c.* 335, *Sec.* 1, *p.* 787, as follows: "Every board of education *shall* employ a competent physician to be known as the medical inspector, *and may also employ*

*a nurse*, and fix their salaries and terms of office." But the interpolated clause plainly effected simply a grant of power to each local board in its discretion to appoint a nurse. The 1927 amendment in nowise relaxed the requirement that the local board "shall" appoint a medical inspector and "shall" fix his salary and term of office. It follows that plaintiff is not entitled to the protection of the Veterans' Tenure Act. *Burke v. Kenny, supra.*

The judgment of the Appellate Division is reversed with direction to remand the cause to the Law Division to enter judgment of no cause for action in favor of the defendant.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING and BRENNAN—5.

*For affirmance*—Justice WACHENFELD—1.