104 N.J. Super. 236 (1969)
249 A.2d 616
CLIFFORD L. RALL, PETITIONER-APPELLANT,
v.
THE BOARD OF EDUCATION OF THE CITY OF BAYONNE, HUDSON COUNTY, NEW JERSEY, AND STATE BOARD OF EDUCATION, STATE OF NEW JERSEY, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1968.
Decided January 24, 1969.
*239 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Joseph N. Dempsey argued the cause for appellant.
Mr. John J. Pagano argued the cause for respondent Board of Education of the City of Bayonne.
Mr. Arthur J. Sills, Attorney General, filed a brief, specially, at the request of the court (Mr. Stephen G. Weiss, Deputy Attorney General, of counsel).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The principal question here presented is whether the Board of Education of Bayonne effectively conferred tenure in office on petitioner, as superintendent of schools of that municipal school district, by a resolution of January 14, 1965 purporting to accomplish that object. The State Commissioner of Education has ruled in the affirmative; the State Board of Education, on appeal, in the negative. Petitioner appeals.
The statute requiring construction for determination of this appeal, N.J.S. 18A:28-5 (being N.J.S.A. 18:13-16 prior to the revision of the State Education Law, effective January 11, 1968) reads, in material part, as follows:
"The services of all teaching staff members including all teachers, principals, assistant principals, vice principals, superintendents, assistant superintendents, and all school nurses including school nurse supervisors, head school nurses, chief school nurses, school nurse coordinators, * * * shall be under tenure during good behavior and efficiency and they shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming such a teaching staff member or other just cause and then only in the manner *240 prescribed by subarticle B of article 2 of chapter 6 of this title, after employment in such district or by such board for:
(a) three consecutive calendar years, or any shorter period which may be fixed by the employing board for such purpose; or
(b) three consecutive academic years, together with employment at the beginning of the next succeeding academic year; or
(c) the equivalent of more than three academic years within a period of any four consecutive academic years; * * *." (Emphasis added)
The particularly critical language is that underscored above in subparagraph (a).
There were cross-motions for summary judgment before the State Commissioner. The following facts emerge from the proofs then adduced.
On June 25, 1964 the city board appointed petitioner superintendent of the Bayonne public schools. His contract commenced on July 1, 1964 and was to terminate on May 31, 1967, making a term of two years and 11 months, one month short of the three-year term for the acquisition of tenure under subparagraph (a) of the statute. See Board of Education, Manchester Tp. v. Raubinger, 78 N.J. Super. 90, 97 (App. Div. 1963). On January 14, 1965 the same city board that executed his contract rescinded it and, reciting that petitioner had efficiently performed his duties since appointment, granted him tenure by a unanimous vote. This grant was declared to be pursuant to N.J.S.A. 18:13-16(a), now N.J.S. 18A:28-5. The resolution did not purport to shorten the period of service requisite generally for attainment of tenure by superintendents of schools or any other category of school employee. Nor did it even declare that the period of service by petitioner was one of sufficient length to justify positing tenure thereon.
Some two years and four months later petitioner apparently was investigating the possibilities of employment elsewhere. Although it appeared that the city board then in office and petitioner had resolved the problem at a conference on May 13, 1967, the city board on May 29, 1967 held a special meeting at which a resolution was adopted, by a *241 vote of 6-3, rescinding the former city board's January 1965 resolution, declaring the original employment contract adopted on June 25, 1964 to be the only valid and subsisting contract between the parties and, as the term of that original contract was to expire within two days, declaring the office of superintendent of schools vacant as of June 1, 1967. The resolution undertook to justify this action by stating that one board cannot bind subsequent boards "in matters beyond the term of" the first board, nor hamper or deprive a subsequent board of its right to exercise discretion over the question of tenure. Thus, so it was resolved, the prior board's action was void because it deprived the present board of such discretion, because it attempted to usurp the present board's legal duty and obligation, and because it violated the public policy of the State by denying the citizens of Bayonne the benefits of the probationary period required by statute to precede the acquisition of tenure by a school superintendent.
Petitioner contended on appeal before the State Commissioner that the January 1965 resolution validly granted him tenure because the pertinent statute provided that the city board could fix a term shorter than the three-year statutory period for the acquisition of tenure. The Commissioner agreed, ruling that he acquired tenure as of January 1965 and therefore could be removed only for cause following a hearing and determination pursuant to the Tenure Employees Hearing Act. He ordered petitioner reinstated with full compensation rights.
The Commissioner held that the city board had properly exercised statutory authority in granting petitioner tenure in January 1965 since this was merely a shortening of the three-year tenure period in petitioner's case, as deemed to be allowed by statute. The action was held free from criticism as conferring a personal benefit upon petitioner as against others in his employment category, prohibited by such school decisions as Spadoro v. Board of Education, Jersey City, *242 1965 S.L.D. 134, and Rinaldi v. Board of Education, North Bergen, 1959-1960 S.L.D. 109, since petitioner was the only occupant of his employment category in the school system.
The State Board of Education, in reversing (with one dissent), held, in effect, that the statutory authorization for shortening the tenure period was not followed here by the city board in January 1965 since it did not adopt a resolution shortening the general statutory tenure period for any category of school staff, but conferred a benefit upon "one individual alone." It pointed out that the fact that there could be only one superintendent of schools at a time was irrelevant, since a proper resolution reducing the tenure period for the position of superintendent of schools would apply to all successive holders of that position. We find ourselves in basic agreement with this rationale of the State Board of Education and, consequently, with its determination that the January 1965 resolution did not legally confer tenure on petitioner.
Although prior to 1952 superintendents of schools did not appear in the tenure statute, the incorporation of that category of school staff therein by L. 1952, c. 236, § 12, made the category subject to the full sweep of the statute and to ordinary rules of statutory construction thereof in relation to the category, as though included in the statute from the beginning. Subparagraph (a) of the pertinent statutory section fixes a general period of three calendar years for attainment of tenure by the members of any of the staff categories designated in the section; but that provision is qualified to the extent that any local board of education is permitted, by express delegated authority, to promulgate for its own jurisdiction general legislation in place of the three-year rule and thereby ordain a specific, shorter period than three years wherein the members of any category designated by the board in such legislation may achieve tenure. Decisions of the Commissioner of Education prior to the instant case contain reasoning clearly in accord with this concept of *243 the statutory design. See the Spadoro and Rinaldi cases, cited above.
We regard the foregoing construction of the statute as so obvious from its language and apparent purpose as to defy the contention that it authorizes a local board to simply select an individual member of an employment category who has served less than three years and confer tenure upon him alone, by name, ad hoc, without in any way undertaking to fix a specific, generally applicable, shorter-than-three-years term of service for achievement of tenure by members of that individual's staff category or of any category inclusive of his.
This is not a matter of elevating form over substance. Far from it. The statute, as we see it, contemplates that before acting under the authority of subparagraph (a) to fix a tenure period shorter than three years, the board will give consideration to whether such shorter period is suitable for general application to all present and future members of the category coming into the system until such time, in the indefinite future, as that or a later board amends or repeals the provision by a similarly general legislative resolution. The intent was plainly not to authorize exemptions from the three-year probationary term on an ad hoc basis in individual cases, as was so obviously done in the present instance. Were petitioner to have died or resigned a month or two after the January 1965 resolution, no successor would have been in a position to claim tenure after 6 1/2 months service on the mere basis of that resolution. It did not purport to have general prospective legislative effect, but rather to have exhausted its effect in its operation on the status of petitioner alone.
Petitioner challenges the foregoing reasoning on the ground, among others, that the city board could not legally have adopted a resolution for shortening tenure of superintendents which would automatically survive in legal effect the life of the adopting board, i.e., beyond the next annual reorganization *244 meeting of the board the following February. It is true, broadly speaking, that rules and regulations adopted by a local board of education, being a noncontinuous body, die with the annual reorganization meeting of the board unless expressly or impliedly adopted anew by the next board. Skladzien v. Board of Education, Bayonne, 12 N.J. Misc. 602 (Sup. Ct. 1934), affirmed, 115 N.J.L. 203 (E. & A. 1935); Offhouse v. State Board of Education, 131 N.J.L. 391 (Sup. Ct. 1944); cf. Talty v. Board of Education, Hoboken, 10 N.J. 69, 712 (1952). However, the Legislature obviously has the right to empower a local board to act, in regard to particular subject matter, in a manner effective for a period of time beyond the life of the acting board, and there are many obvious examples of such legislation. E.g., N.J.S. 18A:29-4.1 (a salary schedule binds the adopting and future boards for two years from date of adoption); N.J.S. 18A:39-2 (contracting for school transportation for four years); N.J.S. 18A:27-3 (teacher employment contracts binding until June 30). There are many others. In all such instances the Legislature regards it as politic that the local board be enabled, pro hac vice, to act in the manner of a continuous body.
It is perfectly clear to us that by delegating to local boards the function of fixing, at option, a shorter term than three years for vesting tenure in employees, the Legislature in N.J.S. 18A:28-5 (a) intended to confer upon such a local board the power to enact such a regulation which would continue in effect indefinitely thereafter, just as does the three-year rule of the statute, until such time as that or a later board expressly abrogated or amended it. The argument of petitioner to the contrary, supported by the brief of the Attorney General, seems to us to involve consequences strongly militating against the construction advanced  that is, that a "shortening" resolution must automatically die with the incumbency of the succeeding annual board. For emample, should a board decide to reduce the statutory tenure *245 period, say as to principals, to two years, no principal engaged by that board thereafter could enjoy the assurance that he would achieve tenure after two years of satisfactory service since he would be under the constant peril that either of the two successive annual boards might fail specifically to readopt the rule. Many comparable situations could be envisaged. It is thus obvious that considerations of school-employee morale strongly bespeak the construction of the statute which its natural reading evokes. Just as new-employee morale is promoted, under the three-year provision of the statute (where shorter periods have not been adopted), by the knowledge of such employees that the statutory provision does not require annual reenactment for continued subsistence and effectiveness, so would the same result follow from giving continuous prospective effect to a resolution shortening the tenure period for any category of employee.
In appraising the legislative intent we cannot properly distinguish the case of superintendents from that of other classes of school employees on the basis, contended for by petitioner, that there is only one superintendent in a school district at a time. The statute requires uniform construction as to all categories of staff within its coverage since its provisions are, in terms, uniformly applicable to all. Moreover, as indicated above, we are in accord with the reasoning of the State Board that successive holders of the position would fall within the category of superintendents, and that all of them would have to be treated uniformly by a local board undertaking to shorten the period of tenure for the category pursuant to the statutory authorization (subject, of course, to any later general amendment of the resolution).
To the extent, therefore, that the determination of the State Board of Education reversed the Commissioner's summary adjudication that petitioner enjoyed tenure under the January 1965 resolution, we affirm it, concluding that the resolution failed of that effect as a matter of law.
Petitioner argues, in the alternative, that the purported tenure accorded him in 1965 must be left undisturbed because *246 the corrective action of the later city board was not taken "promptly." He cites the reference in the opinion in Thomas v. Board of Education, Morris Tp., 89 N.J. Super. 327, 335 (App. Div. 1965), affirmed 46 N.J. 581 (1966), to the fact that the second action of the board there, invalidating the first action granting tenure, was taken "promptly and expediently" and that no "legal prejudice" resulted to the petitioner.
We observe that the issue now raised by petitioner was not a subject of contention by him before either lower administrative tribunal. It comes too late. Nor do we discern any such prejudice to petitioner which could support anything like an estoppel (an argument not even advanced). The resolution of January 1965 was not a mere irregularity, but a totally unauthorized act, and void in legal effect. Cf. Thornton v. Village of Ridgewood, 17 N.J. 499, 510 (1955); V.F. Zahodiakin Engineering Corp. v. Board of Adjustment, Summit, 8 N.J. 386, 395 (1952). We could not lightly impose upon the public of Bayonne a tenured superintendent whose status as such was lacking in any official action having a statutory foundation, for no better reason than the date of official repudiation of the illegal action, when that repudiation took place before tenure would otherwise have legally vested in petitioner under the applicable statute.
Petitioner also complains of the decision of the State Board of Education that the purported rescission of the employment contract running from July 1, 1964 to May 31, 1967 was "mistakenly conditioned upon the purported grant of tenure," and therefore the rescission is of no effect and petitioner is entitled to be paid his contractual salary through May 31, 1967. He argues that these are findings of fact and law never submitted as issues before the lower tribunals and that he ought not to be bound thereby in any future litigation over the amount of compensation he may be entitled to. We agree. These findings will be set aside.
We limit our determination solely to affirmance of the decision of the State Board that petitioner does not have and *247 never has had legal tenure rights as superintendent of schools of Bayonne.
Modified in accordance with the foregoing; affirmed as modified.
KILKENNY, J.A.D. (dissenting).
I would reverse the decision of the State Board of Education. I agree with the determination of the State Commissioner of Education, and for the reasons expressed in his opinion, that petitioner was granted tenure by reason of the resolution of the Bayonne Board of Education, unanimously adopted on January 14, 1965. The discharge of petitioner as of May 31, 1967 by the board's resolution of May 29, 1967, without charge or a hearing was violative of petitioner's tenure rights.
Petitioner was originally appointed superintendent of schools of Bayonne by resolution of June 25, 1964 for a term of two years and 11 months  July 1, 1964 to May 31, 1967. Petitioner admittedly demonstrated his competency so completely that 6 1/2 months of acknowledged excellent performance induced the board to insure his future services as its superintendent of schools by the unanimous adoption of a resolution on January 14, 1965. Thereby, the board rescinded the original contract of employment and conferred tenure upon its superintendent.
The school superintendent's continued satisfactory performance is manifested by the concurrence of succeeding boards of education in the action in 1965. There was a recognition of petitioner's tenure status. For more than two years and four months no board or board member challenged the validity of the January 1965 resolution which conferred tenure. Petitioner, too, relied on the fact of tenure conferred in 1965. Without that assurance he might have pursued other courses.
The board of education concedes that the 1965 resolution conferring tenure was adopted in good faith. The attorney for the board admitted at oral argument that he drew the *248 resolution to carry out the board's intention to confer tenure. This was no "lame duck" appointment. It did not contain the objectionable feature, observed in some other cases, of granting tenure immediately upon appointment, without an allowance for a probationary period.
What prompted the board to take away in May 1967 a tenure which it had voluntarily and unanimously bestowed in January 1965? It had received information that petitioner was considering severing his relationship with the Bayonne schools and seeking, perhaps, a better job elsewhere. He was called into conference, the result of which was his issuance of a public statement disclaiming his intention of leaving Bayonne. The president of the board issued a confirmatory public statement.
Yet, a few days later, without warning or any notice of its intention to petitioner, the board at a special meeting adopted by a 6-3 vote its May 29, 1967 resolution terminating petitioner's employment as of May 31, 1967  a bare two days later, and about a month before the close of the school term. It purported to rescind its January 14, 1965 tenure resolution and to restore unilaterally the 1964 employment contract which the January 1965 resolution had cancelled.
I cannot in conscience subscribe to this conduct by the board and lend by my silent adherence to the majority opinion concurrence in the board's treatment of the educational leader of its school system.
I appreciate the technical legal rationale of the majority. I need not repeat what I believe to be the sound legal answers thereto, as expressed in the opinion of the State Commissioner of Education. It is conceded that tenure may be granted by a local board of education in less than three years, if done in good faith and following a reasonable probationary period. N.J.S.A. 18:13-16(a), now N.J.S. 18A:28-5. This was done here, and intentionally so. There was a long-standing acceptance of that action and agreement of successive boards therewith.
*249 That the tenure conferred was limited to a single person was necessitated by the fact that he was the only person in the particular category. To destroy that tenure because the proper form of resolution was not adopted would be nothing more or less than exalting form over substance. The board's attorney admitted at oral argument that he used that form only because he was unaware of a different form to be employed to effectuate the board's purpose. The conjectural effect of the lessening of the time for tenure in the case of the appointment of some new superintendent in the future is immaterial. In such an event the then-existing board can fix the terms of the contract and adopt its own rule.
I would reverse the decision of the State Board of Education and reinstate the determination of the State Commissioner of Education.