CLIFFORD L. RALL, PETITIONER-APPELLANT, v. THE BOARD OF EDUCATION OF THE CITY OF BAYONNE, HUDSON COUNTY, NEW JERSEY, AND THE STATE BOARD OF EDUCATION, STATE OF NEW JERSEY, RESPONDENTS-RESPONDENTS.

Argued June 2, 1969—Decided July 2, 1969.

374

*Mr. Joseph N. Dempsey* argued the cause for appellant.

*Mr. John J. Pagano* argued the cause for respondent The Board of Education of City of Bayonne.

*Mr. Stephen G. Weiss,* Deputy Attorney General, submitted a memorandum on behalf of *Mr. Arthur J. Sills,* Attorney General.

The opinion of the court was delivered by

FRANCIS, J. The issue here is whether Dr. Clifford L. Rall had tenure as Superintendent of the public schools of the City of Bayonne when its Board of Education undertook to terminate his services. On review of the action, the Commissioner of Education declared he had tenure and ordered his reinstatement. The State Board of Education disagreed, one member dissenting. On subsequent appeal to the Appellate Division, the majority concurred in the view of the State Board. Judge Kilkenny dissented. 104 *N. J. Super.* 236 (*App. Div.* 1969). The matter was then brought to this Court. *R. R.* 1:2–1(b).

On June 24, 1964 Dr. Rall was appointed Superintendent of Schools for the City of Bayonne by resolution of the local Board of Education. His term of employment was fixed therein as being from July 1, 1964 to May 31, 1967, a period of two years and eleven months. On January 14, 1965 after he had served about six and one-half months as Superintendent, the same Board unanimously adopted another resolution affecting his term of employment. It recited that Dr. Rall had efficiently performed his duties from July 1, 1964 to date and should have tenure as Superintendent. Accordingly, the remainder of his original term pursuant to *N. J. S. A.* 18:13–16(a) was rescinded and he was granted tenure as of January 14, 1965. The controlling portion of the statute provides:

"The services of all teachers, principals, assistant principals, vice-principals, superintendents, assistant superintendents, * * * shall be during good behavior and efficiency (a) after the expiration of a period of employment of 3 consecutive calendar years in that district unless a shorter period is fixed by the employing board, * * *." (*N. J. S. A.* 18:13–16(a) (now 18A:28–5).

It is conceded that the Board's action pursuant to this statute was taken in good faith.

Dr. Rall continued his satisfactory performance in office for almost two and one-half years thereafter. Then on May 29, 1967 without warning or notice to him the then

existing Board by a six to three vote adopted a resolution rescinding the resolution of January 14, 1965 which granted the tenure, and reciting that the original contract for two years and eleven months service was the only one which would be recognized. It went on to say that since that contract by its terms would expire on May 31, 1967 (two days later), Dr. Rall's employment was terminated and the office declared vacant as of that date. Shortly thereafter these proceedings challenging the validity of the May 29, 1967 resolution were instituted.

The majority of the Appellate Division declared that the statute authorizing the grant of tenure by a board of education in a shorter period than three consecutive calendar years of service does not contemplate grant of tenure to an individual employee alone (whether he is a member of a class of employees or constitutes a single member class within the statutory coverage). In their judgment the statute can be satisfied only by a board's adoption of a rule of general application to all employees covered thereby, or to all employees of a group who could properly be considered as a separate class, or to a distinct class which might reasonably consist of a single employee. They held that tenure could not be given for short term service to a particular individual on an *ad hoc* basis. As a consequence the majority held that since the resolution granting tenure after six and one-half months of service purported to govern tenure for Dr. Rall alone and not for superintendents generally, it did not come within the power conferred by the statute, and therefore its recission or vacation was valid.

Judge Kilkenny in his dissent noted that the board had the authority to shorten the period required for tenure and that it had exercised it in good faith in this instance. In his opinion to condemn the resolution as illegal because of the manner in which it was drawn would be, as the Commissioner of Education had indicated, contrary to the spirit and intent of the statute. As Judge Kilkenny put it, "That the tenure conferred was limited to a single person was necessitated by

the fact that he was the only person in the particular category. To destroy that tenure because the proper *form* of resolution was not adopted would be nothing more or less than exalting form over substance." 104 *N. J. Super.*, at 249.

We agree that there must be some reasonable probationary period of service as a basis for granting tenure. Such is clearly the intention of the statute in specifying three years as a general qualifying term but authorizing the board in its discretion to fix "a shorter period." The legislative purpose is not to authorize elimination of the probationary period — simply to sanction a reasonable shortening of it.

As noted above, no one suggests that the Board acted arbitrarily or failed to act honestly and in good faith in this case in shortening the period for tenure to six and one-half months. Undoubtedly it intended to act in consonance with the statutory grant of power, and it believed the form of resolution its attorney drafted was a proper legal method of accomplishing the purpose. Under the circumstances we think the legislative act of the Board — the resolution — should be construed broadly to do what it was intended to do, *i. e.,* meet and satisfy the requirement of the statute. Therefore we hold that the resolution shortened the period for acquisition of tenure for superintendents of schools generally — not just for Dr. Rall — to six and one-half months of service. That rule now prevails and will continue to do so unless and until a board of education adopts another rule of general application fixing a different tenure qualifying period.

The Board suggests that the issue here is moot because on February 26, 1969 Dr. Rall applied for and was granted a pension by the Teachers' Pension and Annuity Fund based upon his required contribution to the fund. There is no merit in the point. The supplemental record shows that Dr. Rall was notified his pension account would expire on May 30, 1969 unless he returned to regular school service in New Jersey or filed a request for extension of inactive membership In view of this pending litigation respecting his right to reinstatement and his honest doubt as to whether he could

obtain or was qualified under existing conditions to obtain an extension of his pension credits, on advice of counsel he filed the application for pension. It was a course reasonably necessary in the exigency and cannot be treated as an abandonment of his claim that his services were improperly terminated on May 31, 1967.

For the reasons expressed, Dr. Rall acquired tenure by virtue of the resolution of January 14, 1965. Therefore he could not be dismissed as Superintendent except for good cause and after notice and hearing. *N. J. S. A.* 18*A*:6–10 (then *N. J. S. A.* 18:13–17). The resolution of May 29, 1967, being invalid in the face of his tenure, was incapable of terminating his employment. Accordingly the judgment of the Appellate Division is reversed and the Board of Education is directed to restore Dr. Rall to his position as Superintendent of Schools for the City of Bayonne. This reinstatement includes restoration to all pension rights possessed by him as of May 31, 1967, the date of illegal termination of his employment.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.