DAVID M. FRIED, PLAINTIFF-APPELLANT, v. LAKEWOOD TOWNSHIP MUNICIPAL UTILITIES AUTHORITY AND DON VAN SANT, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 26, 1979—Decided December 17, 1979.

Before Judges BISCHOFF, BOTTER and DWYER.

*Alvin H. Gelb* argued the cause for appellant.

*Frank A. Louis* argued the cause for respondents (*Pogarsky & Louis,* attorneys).

The opinion of the court was delivered by

DWYER, J. A. D.

On cross-motions for summary judgment the trial judge held that the Veterans' Tenure Act, *N.J.S.A.* 38:16–1 *et seq.,* did not apply to plaintiff David M. Fried in his position as executive director of defendant Lakewood Township Municipal Utilities Authority (Authority), a corporation organized under *N.J.S.A.* 40:14B–1 *et seq.,* and dismissed Fried's action in lieu of prerogative writs challenging his termination without a hearing or establishing cause. Fried filed a timely appeal.

The following facts are not disputed. Fried was an honorably discharged veteran. Fried was employed as executive director from April 8, 1976 to February 9, 1977 on a part-time basis. On the latter date the Authority adopted a resolution appointing Fried executive director on a part-time basis at a stated salary without specifying any period of service. On January 31, 1978 the Authority adopted a resolution terminating Fried as executive director and appointing defendant Don Van Sant, an honorably discharged veteran, in his place.

The Authority states that the appointment was made pursuant to the provisions of *N.J.S.A.* 40:14B–18, which provides in relevant part:

> . . . Every municipal authority may also appoint and employ, without regard to the provisions of Title 11 of the Revised Statutes, a secretary, an executive director and a chief engineer and it shall determine their qualifications, terms of office, duties and compensation. Such municipal authority may

also appoint and employ such other agents and employees as it may require and determine their duties and compensation.

Counsel for Fried urges that the judgment should be reversed because the trial judge erred in his interpretation of the law. The trial judge held that the Legislature, in enacting the provision found in *N.J.S.A.* 40:14B–18, expressed an intent that tenure should not attach to the three specified offices and thereby limited the earlier general law, the Veterans' Tenure Act, *N.J.S.A.* 38:16–1 *et seq.*, which gives tenure to veterans in all state, county and municipal offices except those offices excluded by the limitations in that law. The trial judge relied upon *Perrella v. Jersey City Bd. of Ed.*, 51 *N.J.* 323, 331 (1968); *Koribanics v. Clifton Bd. of Ed.*, 48 *N.J.* 1, 5 (1966), and *Barringer v. Miele*, 6 *N.J.* 139 (1951).

Although these cases support the denial of tenure under the Veterans' Tenure Act, we do not find it necessary to consider the arguments advanced by appellant why those cases are inapplicable, because there is another reason that makes the Veterans' Tenure Act not applicable.

The Legislature has provided in *N.J.S.A.* 40:14B–18 that the Authority, in respect to the three specified offices, "shall determine their . . . terms of office, duties and compensation . . . .." We interpret this provision to mean that the Legislature directed that the Authority shall fix terms for the three specified offices.

In *Talty v. Hoboken Bd. of Ed.*, 10 *N.J.* 69 (1952), the Supreme Court construed the provision in *R.S.* 18:14–56, which provided that

Every board of education shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office.

The court viewed this language as a direction by the Legislature that boards of education were to fix a term of office for the

office of medical inspector. Hence, such office was one for which there was a term fixed by law within the exclusion of the Veterans' Tenure Act. The Supreme Court stated:

> The fact that the appointing resolution did not fix plaintiff's term of office does not give plaintiff the protection of the Veterans' Tenure Act if the defendant board was obliged by *R.S.* 18:14–56 to fix his term. Where the appointing body is under statutory mandate to fix the term, its failure to do so cannot create tenure rights in the appointee against the plain exclusion by the terms of the Veterans' Tenure Act of persons whose appointments are required by law to be made by the appointing authority for a fixed or stated period of time. *Burke v. Kenny,* 9 *N.J.Super.* 160 (App.Div.1950) aff'g 6 *N.J.Super.* 524 (Law Div.1949). [at 71]

See also *College of Medicine & Dentistry of N. J. v. Morrison,* 141 *N.J.Super.* 104, 110 (App.Div.1976).

In *De Vita v. Paterson Housing Auth.,* 17 *N.J.* 350, 353 (1955), it was the absence of a delegation of authority to the municipal agency from the Legislature to fix a term for the executive director that was the basis for the Supreme Court's holding that the Veterans' Tenure Act applied to the office of executive director of housing authorities under *N.J.S.A.* 55:14A–6.

■ The Legislature enacted the law under which the Authority is incorporated in 1957, *L.*1957, *c.* 183, approximately five years after the decision in *Talty v. Hoboken Bd. of Ed., supra.* The Legislature is presumed to be familiar with all its legislation and the construction placed on it by the courts. The construction of language in legislation by the courts followed by the Legislature's use of the same language is evidence that such construction is in accordance with legislative intent. *Barringer v. Miele, supra,* 6 *N.J.* at 145.

■ We conclude that the Legislature intended that the Veterans' Tenure Act not apply to the three specified offices in *N.J.S.A.* 40:14B–18.

Affirmed.